MARLENE ELLIS, PETITIONER-APPELLANT v. NORTH CAROLINA CRIME VICTIMS COMPENSATION COMMISSION, APPELLEES

No. 9121SC894

(Filed 20 July 1993)

1. **Criminal Law § 1648 (NCI4th)— findings of administrative law judge adopted by Commission—cooperation of victim—subsequent contradictory finding improper**

     Where the administrative law judge found no evidence that appellant victim had failed to cooperate with the Winston-Salem police department, and respondent Crime Victims Compensation Commission subsequently adopted those findings, the Commission could not then find that, because petitioner refused to prosecute the man who had assaulted her, she had not fully cooperated as a matter of law. Consequently, the Commission's decision to deny compensation was the result of an arbitrary determination by the Commission and, as such, must be reversed.

     **Am Jur 2d, Criminal Law §§ 1051, 1058.**

2. **Criminal Law § 1653 (NCI4th)— compensation for crime victims—prosecution not prerequisite**

     Respondent Commission erred in finding that N.C.G.S. Ch. 15B, the Crime Victims Compensation Act, imposes an affirmative obligation upon crime victims to pursue prosecutions as a prerequisite to compensation under the Act, and erred in determining that failure to prosecute in and of itself constitutes willful refusal to cooperate which will result in denial of compensation.

     **Am Jur 2d, Criminal Law §§ 1052, 1058.**

     **Statutes providing for governmental compensation for victims of crime. 20 ALR4th 63.**

ELLIS v. N.C. CRIME VICTIMS COMPENSATION COMM.

[111 N.C. App. 157 (1993)]

Appeal by petitioner from judgment entered 3 June 1991 by Judge Preston Cornelius in Forsyth County Superior Court. Heard in the Court of Appeals 22 September 1992.

In August 1989, petitioner filed a petition for a contested case hearing with the Office of Administrative Hearings to review the adverse decision rendered against respondent by the North Carolina Crime Victims Compensation Commission. After a hearing on 10 May 1990, the Administrative Law Judge found that the denial of the award should be reversed. The Crime Victims Compensation Commission (the Commission) considered the recommended decision of the administrative law judge, and on 11 September 1990, issued its decision and order, again denying compensation. Petitioner then filed this action for judicial review of the final decision of the Commission. Following a hearing on 3 June 1991, the trial court affirmed the decision of the North Carolina Crime Victims Compensation Commission. From this judgment, petitioner appeals.

*Legal Aid Society of Northwest North Carolina, Inc., by Hazel M. Mack, for plaintiff-appellant.*

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Hal F. Askins, for the State.*

ORR, Judge.

The issue on appeal is whether the trial court erred in affirming the decision of the North Carolina Victims Compensation Commission and in ordering that petitioner not be compensated for her medical expenses. We reverse the order of the trial court for the reasons set forth below.

Petitioner Marlene Ellis filed an application with the North Carolina Crime Victims Compensation Commission on or about 22 February 1989, alleging that she was a victim of crime subject to compensation under the North Carolina Crime Victims Compensation Act. On 24 July 1989, petitioner was informed that her claim for compensation had been denied because "she had failed to cooperate with or to supply requested information to the appropriate law enforcement agencies." Based on these determinations, petitioner's request for compensation was denied in accordance with N.C. Gen. Stat. § 15B-11(c). N.C.G.S. § 15B-11(c) states that

**ELLIS v. N.C. CRIME VICTIMS COMPENSATION COMM.**

[111 N.C. App. 157 (1993)]

[a] claim may be denied, an award of compensation may be reduced, and a claim that has already been decided may be reconsidered upon finding that the claimant or victim has not fully cooperated with appropriate law enforcement agencies with regard to the criminally injurious conduct that is the basis for the award.

In its findings, the Commission stated that

[i]nvestigation of the hereinabove-captioned matter by the undersigned has revealed that the claimant has not fully cooperated with appropriate law enforcement agencies in the criminally injurious conduct from which this claim arises, to wit: willfully failed or refused to cooperate in the prosecution of the offender charged in the incident at issue.

In August 1989, the petitioner filed a petition for a contested case hearing with the Office of Administrative Hearings alleging that by denying her claim for compensation, the Victims Compensation Commission exceeded its authority and failed to act as required by law. On 10 May 1990, a hearing was held before an Administrative Law Judge (ALJ). Subsequent to the hearing, the ALJ made the following findings of fact and conclusions of law:

### Findings of Fact

1. On the evening of January 21, 1989, the petitioner returned home to her apartment. Her boyfiend, Terry Edgar Trail, was on the couch. The petitioner had a couple of alcoholic drinks. Thereafter, Mr. Trail assaulted the petitioner by hitting her in the face with his fist and throwing her against the piano. The petitioner immediately telephoned the Winston-Salem Police Department. Officer J.H. Williams responded to the call. The petitioner told Officer Williams what occurred. She refused medical treatment but stated "that she thought her nose had been disconnected." The petitioner did not wish to prosecute. She merely wanted Mr. Trail to leave. Mr. Trail was the father of her twenty-eight month old son. The petitioner received medical treatment for her injuries.

2. An employee of the respondent telephoned the petitioner and informed her that she was required to prosecute in order to receive benefits. The victim assistance coordinator of the Winston-Salem Police Department told her the same thing. Mr. Trail has not been prosecuted for the assault.

ELLIS v. N.C. CRIME VICTIMS COMPENSATION COMM.

[111 N.C. App. 157 (1993)]

3. There is no evidence that the petitioner has not fully cooperated with the Winston-Salem Police Department with regard to the assault. There is no evidence that the petitioner failed to supply requested information to the Police Department. The employee of the respondent and the victim assistance coordinator were not acting on behalf of the Winston-Salem Police Department in investigating and prosecuting the assault.

### Conclusions of Law

The respondent improperly denied the petitioner's claim pursuant to GS 15B-11(c).

The respondent filed exceptions and written arguments to the recommended decision of the ALJ on 23 May 1990. The respondent, "conceded that the findings of the Administrative Law Judge correctly reflect testimony presented at the November 8, 1989 hearing. . .", but asserted that since the petitioner had consistently refused to prosecute, the permissive word "may" in N.C. Gen. Stat. § 15B-14(a) gave the Commission the legislative power to deny compensation in cases where there was no prosecution of the perpetrator. The Commission made a final determination on 11 September 1990, adopting the ALJ's findings of fact. However, it declined to adopt the conclusions of law and recommended decision. Based on the "findings therein", the Commission stated that:

> Petitioner has not fully cooperated with appropriate law enforcement agencies with regard to the criminally injurious conduct and is denied compensation pursuant to G.S. 15B-11(c). A crime victim has an affirmative obligation to pursue criminal prosecutions against the perpetrator. By her own admission, Petitioner failed to prosecute. She cannot, therefore, expect the State of North Carolina to compensate her for injuries resulting from the criminally injurious conduct. The Crime Victims Compensation Commission is intended to assist innocent victims of crime with the financial burden incurred as a result of injuries received, and to encourage those victims to participate in the criminal justice system and pursue prosecution of offenders. Petitioner has failed to do so and is denied compensation.

Pursuant to N.C. Gen. Stat. § 150B-45, petitioner sought judicial review in the Forsyth County Superior Court. Following a hearing on 3 June 1991, the trial court determined that the Commission

stated specific reasons why it did not adopt the recommended decision of the ALJ and found that the Commission's action was made on lawful process without error of law and was neither arbitrary nor capricious. The court further determined that the decision of the Commission was based on a reasonable interpretation of the applicable statutes, and affirmed the decision of the Commission. The petitioner has appealed that decision for a determination by this Court.

The petitioner argues that the Commission's decision to deny compensation based on a conclusion that Ms. Ellis did not fully cooperate with law enforcement officers is (1) not supported by substantial evidence, (2) not based on a reasonable interpretation of Chapter 15B of the General Statutes and (3) the determination is arbitrary and capricious. The petitioner further contends that the findings of fact adopted by the Crime Victims Compensation Commission do not support its conclusions of law as set forth in the final determination of the Commission. The petitioner asserts that she meets the statutory requirements for compensation, thereby precluding the Commission from denying her an award.

N.C. Gen. Stat. § 150B-51(b) states in pertinent part that:

. . . the court reviewing [an agency's] final decision may . . . reverse or modify the agency's decision if the substantial rights of the petitioners may have been prejudiced because the agency's findings, inferences, conclusions, or decisions are:

. . .

(2) In excess of the statutory authority or jurisdiction of the agency;

. . .

(4) Affected by other error of law;

(5) Unsupported by substantial evidence . . . in view of the entire record as submitted; or

(6) Arbitrary or capricious.

N.C. Gen. Stat. § 150B-51(b) (1992).

"The proper standard to be applied depends on the issues presented on appeal. If it is alleged that an agency's decision was based on an error of law then a *de novo* review is required."

*Walker v. N.C. Dep't of Human Resources*, 100 N.C. App. 498, 502, 397 S.E.2d 350, 354 (1990), *disc. review denied*, 328 N.C. 98, 402 S.E.2d 430 (1991). A review of whether the agency decision is supported by sufficient evidence, or is arbitrary and capricious, requires the court to employ the whole record test. *Id.* While the appellate court's review is typically limited by the assignments of error, it is not required to give any particular deference to the lower court's findings or conclusions. *Watson v. N.C. Real Estate Comm'n*, 87 N.C. App. 637, 362 S.E.2d 294 (1987), *cert. denied*, 321 N.C. 746, 365 S.E.2d 296 (1988). Furthermore, "[i]ncorrect statutory interpretation by an agency constitutes an error of law under G.S. 150B-51(b) and allows this court to apply a *de novo* review." *Brooks v. Rebarco, Inc.*, 91 N.C. App. 459, 464, 372 S.E.2d 342, 345 (1988).

Therefore, our review may determine the court's interpretation of the law in light of the record as a whole as to petitioner's first and third assignments of error, (whether the evidence supports the conclusions of law, or whether the decision is arbitrary and capricious), and employ *de novo* review as to petitioner's contention that the statute at issue was wrongly interpreted by the Commission. *Id.* at 463, 372 S.E.2d at 344. Under the facts of this case, under either standard, we find that appellant was wrongly denied compensation.

The "whole record" test requires the reviewing court to examine all the competent evidence and pleadings which comprise the "whole record" to determine if there is substantial evidence in the record to support the administrative tribunal's findings and conclusions. *Community Sav. & Loan Ass'n v. North Carolina Sav. & Loan Comm'n*, 43 N.C. App. 493, 497, 259 S.E.2d 373, 376 (1979); N.C. Gen. Stat. § 150B-51(b)(5) (1987). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Commissioner of Insurance v. Fire Ins. Rating Bureau*, 292 N.C. 70, 80, 231 S.E.2d 882, 888 (1977). "Agency findings of fact are conclusive if, upon review of the whole record, they are supported by competent, material, and substantial evidence." *Humana Hosp. Corp. v. N.C. Dep't of Human Resources*, 81 N.C. App. 628, 633, 345 S.E.2d 235, 238 (1986).

[1] The record indicates that the findings of fact made by the ALJ and subsequently adopted by the Commission found no evidence that the appellant had failed to cooperate with the Winston-Salem

**ELLIS v. N.C. CRIME VICTIMS COMPENSATION COMM.**

[111 N.C. App. 157 (1993)]

police department. Having adopted such a finding, the Commission could not then find that the petitioner had not fully cooperated as a conclusion of law. There was simply no evidentiary or factual basis for the decision. We find that the determination was not supported by "competent, material and substantial evidence." In fact, the record is totally devoid of any evidence of petitioner's lack of cooperation. Consequently, the decision was the result of an arbitrary determination by the Commission and as such, must be reversed.

[2] With respect to the statutory interpretation issue, the Commission found that N.C. Gen. Stat. § 15B imposes an affirmative obligation upon crime victims to pursue prosecutions as a prerequisite to compensation under the Act. It further determined that failure to prosecute in and of itself constituted willful refusal to cooperate, resulting in denials of compensation.

In matters of statutory construction, the task of the courts is to ensure that the purpose of the Legislature, the legislative intent, is accomplished. The best indicia of the legislative purpose is the language of the act, and what the act seeks to accomplish. *State ex rel. Hunt v. North Carolina Reinsurance Facility*, 302 N.C. 274, 275 S.E.2d 399 (1981). " 'Statutes *in pari materia* are to be construed together, and it is a general rule that the courts must harmonize such statutes, if possible, and give effect to each, that is, all applicable laws on the same subject matter should be construed together so as to produce a harmonious body of legislation, if possible.' " *Justice v. Scheidt*, 252 N.C. 361, 363, 113 S.E.2d 709, 711 (1960). "A court should always construe the provisions of a statute in a manner which will tend to prevent it from being circumvented. If the rule were otherwise, the ills which prompted the statute's passage would not be redressed." *Campbell v. First Baptist Church of Durham*, 298 N.C. 476, 484, 259 S.E.2d 558, 564 (1979).

N.C. Gen. Stat. § 15B-11 sets forth the grounds for denial of an award. Failure to prosecute is not listed among those grounds. Further, N.C. Gen. Stat. § 15B-14, entitled "Effect of prosecution or conviction of offender." states that "an award of compensation may be approved whether or not any person is prosecuted or convicted. . . ." G.S. § 15B-14(a) (1992). As petitioner correctly points out, "compensation for criminally injurious conduct shall be awarded . . . if the requirements for an award have been met."

G.S. § 15B-7 lists the ten requirements for filing an application. No information dealing with prosecution is among those ten requirements. In fact, a requirement of prosecution is absent from any section of the act.

Respondent contends in his argument that the "not fully cooperate" language of G.S. § 15B-11(c) must imply prosecution of the perpetrator. He further argues that the use of the word "may" in § 15B-14 gives the Commission complete discretion in approving awards where there has been no prosecution. However, this appears to be a strained conclusion. Reviewing the sections of the Act together, we find that the Legislature specifically identified the grounds for denial of an award, and also specifically addressed, under § 15B-14, a separate section, that awards were to be granted "whether or not" prosecution resulted. The use of the word "may" in the statute at issue does not grant the Commission additional discretionary powers, but rather underscores the fact that prosecution is not a prerequisite to an award. If the Legislature intended to include failure to prosecute as a ground for denial, it would have done so in N.C. Gen. Stat. § 15B-11(a)-(h).

Additionally, as this review is de novo, we may look at all the evidence in the case. We find it significant that the Administrative Law Judge, in his Memorandum supporting his conclusions noted that "There is no evidence that the investigating officer asked her to prosecute. In fact, in a domestic disturbance such as the one that occurred . . . it is most likely that the officer considered his responsibilities completed when Mr. Trail was removed from the apartment." The ALJ also referred to the respondent's Prehearing Statement that asserted that "petitioner contributed to her own demise by voluntarily entering into an affray with her boyfriend." He (the judge) continued, "There is no evidence of an affray. There is evidence of a brutal assault by a man of a woman in a home environment. This case should not become another example of a woman, subjected to such abuse, being denied equal justice." It is certainly not the intent of the Legislature to ignore or penalize victims of domestic violence, nor to give agencies the authority to determine whether a victim "contributed to her own demise." The victim in this case is no less a victim because of her actions.

We therefore hold that the trial court incorrectly concluded that the appellant was not entitled to compensation, and

accordingly remand for entry of an order consistent with this opinion.

Reversed and remanded.

Judges WELLS and GREENE concur.