MUKESHIA JACKSON, BY AND THROUGH HER DULY APPOINTED GUARDIAN AD LITEM, ALFREDA ROBINSON, WILLIAM JACKSON, INDIVIDUALLY AND ALFREDA ROBINSON, INDIVIDUALLY, PLAINTIFFS v. A WOMAN'S CHOICE, INC., DR. CLARENCE J. WASHINGTON AND WILLIAM E. BRENNER, JR., DEFENDANTS

No. COA97-1281

(Filed 18 August 1998)

### Abortion— parental consent—forged by minor—action against provider

The trial court properly provided judgment as a matter of law under N.C.G.S. § 1A-1, Rule 56(c) for defendants in an action for assault and emotional distress arising from the provision of an abortion to a minor where the minor had forged a permission note from her mother. N.C.G.S. § 90-21.7 contains no requirement, express or implied, that the physician conduct an investigation into the circumstances of a purported written consent for an abortion to determine the validity of the writing. Plaintiffs neither alleged nor offered evidence tending to show that defendants knowingly or intentionally failed to obtain parental consent.

Appeal by plaintiffs from order entered 8 September 1997 by Judge Abraham Penn Jones in Wake County Superior Court. Heard in the Court of Appeals 11 May 1998.

*Stam, Fordham & Danchi, P.A., by Theodore S. Danchi and Paul Stam, Jr., for plaintiff-appellants.*

*Jo Ann Ragazzo Woods for defendant-appellee A Woman's Choice, Inc.*

*Patterson, Harkavy & Lawrence, L.L.P., by Burton Craige, for defendant-appellee Dr. Clarence J. Washington.*

MARTIN, John C., Judge.

Plaintiffs filed this action alleging an assault and battery upon plaintiff Mukeshia Jackson by defendants and that defendants intentionally or negligently inflicted emotional distress upon Mukeshia Jackson and upon the other two plaintiffs, who are Mukeshia's parents. Plaintiffs sought compensatory and punitive damages. Defendants answered, asserting affirmative defenses, and simultaneously moved to dismiss the complaint pursuant to G.S. § 1A-1, Rule 12(b)(6) on grounds the complaint failed to state a claim upon which relief could be granted. Plaintiffs subsequently submitted to a voluntary dismissal of their claims against defendant Brenner, moved to strike certain of the affirmative defenses asserted by the remaining defendants, and moved for partial summary judgment.

When the matter came on for hearing, the parties submitted the pleadings, various affidavits, and the deposition of defendant Washington for the trial court's consideration. Those materials tend to show that on 23 October 1995, plaintiff Mukeshia Jackson, who was then sixteen years of age, went to A Woman's Choice, Inc., (hereinafter "clinic") and requested an abortion. She presented a handwritten note which stated, "I Alfreda Robinson give my daughter Mukeshia Jackson permission upon my Request To have an Abortion. Alfreda R." Dr. Washington, an obstetrician/gynecologist who provided gynecologic services to patients at the clinic, and the clinic's office manager, Ms. Hanft, inquired of Mukeshia as to whether Alfreda Robinson was her mother and whether her mother had written the note; Mukeshia confirmed that both were true. No further steps were taken by defendants to verify that the permission note had, in fact, been written and signed by Mukeshia's mother. The note which Mukeshia presented to the clinic had not, in fact, been written by her mother, but had been forged by Mukeshia. Mukeshia completed a patient record in which she stated she was seventeen years old. After receiving verbal and written counseling concerning the medical risks of an abortion, alternatives to abortion, and the need

for follow up care, and being given an opportunity to ask questions, Mukeshia completed a form, again stating her age as 17, requesting, and consenting to, the performance of an abortion procedure. The procedure was then performed by Dr. Washington.

The trial court entered an order in which it concluded that defendants had complied with the requirements of G.S. § 90-21.7 with respect to obtaining written consent of a parent prior to performing the abortion procedure and that defendants had no affirmative duty to determine the validity of the purported written consent; that G.S. § 90-21.4 provides immunity to defendant Washington; and that Mukeshia's actions in presenting the forged consent and in giving her own informed consent to the procedure were a bar to her claims for assault and battery and negligent infliction of emotional distress. The trial court granted defendants' motions to dismiss, denied plaintiffs' motion for partial summary judgment, and declared moot plaintiffs' motion to strike certain affirmative defenses. Plaintiffs appeal.

---

Initially, we note that in its Memorandum and Order dismissing plaintiffs' claims, the trial court recited that the matter was before it upon defendants' motions to dismiss pursuant to G.S. § 1A-1, Rule 12(b)(6). In ruling upon the motions, however, the trial court considered various affidavits submitted by the parties, as well as the deposition of defendant Washington. "Where matters outside the pleadings are presented to and not excluded by the court on a motion to dismiss for failure to state a claim, the motion shall be treated as one for summary judgment . . . ." *DeArmon v. B. Mears Corp.*, 312 N.C. 749, 758, 325 S.E.2d 223, 229 (1985) (citations omitted). Therefore, we treat the trial court's order dismissing plaintiffs' claims as one granting summary judgment in favor of defendants and apply the standard of review applicable thereto. Plaintiffs do not argue the existence of any genuine issue of material fact and our review of the evidentiary record discloses none; the errors asserted by plaintiffs, and their arguments in support thereof, involve only questions of law and present for our review the question of whether defendants are entitled to judgment in their favor as a matter of law. N.C. Gen. Stat. § 1A-1, Rule 56(c).

Pursuant to the decisions of the United States Supreme Court in *Planned Parenthood of Central Missouri v. Danforth*, 428 U.S. 52, 49 L.Ed.2d 788 (1976) and *Bellotti v. Baird*, 443 U.S. 622, 61 L.Ed.2d 797, *reh'g. denied*, 444 U.S. 887, 62 L.Ed.2d 121 (1979), a minor has a constitutional right to an abortion. Moreover, these cases also provide

**JACKSON v. A WOMAN'S CHOICE, INC.**

[130 N.C. App. 590 (1998)]

that a state cannot require parental involvement in the abortion decision by requiring parental consent as a prerequisite to a minor's abortion unless the state also provides an alternative procedure through which authorization may be obtained by the minor. *Wilkie v. Hoke*, 609 F.Supp. 241 (W.D.N.C. 1985).

North Carolina General Statutes Chapter 90, Article 1A, Part 2, entitled "Parental or Judicial Consent for Abortion," contains North Carolina's consent law for abortions performed upon minors. G.S. § 90-21.7(a) provides:

> (a) No physician licensed to practice medicine in North Carolina shall perform an abortion upon an unemancipated minor unless the physician or agent thereof or another physician or agent thereof first obtains the written consent of the minor and of:
>
> (1) A parent with custody of the minor; or
>
> (2) The legal guardian or legal custodian of the minor; or
>
> (3) A parent with whom the minor is living; or
>
> (4) A grandparent with whom the minor has been living for at least six months immediately preceding the date of the minor's written consent.

N.C. Gen. Stat. § 90-21.7 (1995). Subsection (b) of the same statute permits a minor seeking an abortion to petition the court for waiver of the parental consent requirement, and G.S. § 90-21.8 sets forth the procedure and requirements for obtaining the waiver. The statutory judicial bypass scheme complies with the requirements of *Bellotti*. *Manning v. Hunt*, 119 F.3d 254 (4th Cir. 1997). G.S. § 90-21.10 provides criminal sanctions for performing an abortion upon a minor in violation of the parental or judicial consent law:

> Any person who intentionally performs an abortion with knowledge that, or with reckless disregard as to whether, the person upon whom the abortion is to be performed is an unemancipated minor, and who intentionally or knowingly fails to conform to any requirement of Part 2 of this Article shall be guilty of a Class 1 misdemeanor.

N.C. Gen. Stat. § 90-21.10 (1995).

Plaintiffs first argue the trial court erred in concluding defendants acted in compliance with the provisions of G.S. § 90-21.7. Plaintiffs contend that because there was neither consent by

Mukeshia's parents nor judicial consent, the abortion was performed by defendants in violation of the law. This argument seeks to impose a strict liability standard upon defendants, requiring the health care provider to independently determine the validity of a written parental consent presented by a minor seeking an abortion.

" 'In matters of statutory construction, the task of the courts is to ensure that the purpose of the Legislature, the legislative intent, is accomplished.' " *Mark IV Beverage, Inc. v. Molson Breweries USA, Inc.*, 129 N.C. App. 476, 481, 500 S.E.2d 439, 442 (1998) (quoting *Ellis v. N.C. Crime Victims Compensation Comm.*, 111 N.C. App. 157, 163, 432 S.E.2d 160, 164 (1993)). In determining the legislative intent, "the courts must look at the language, spirit, and goal of the statute." *Mark IV* at 481, 500 S.E.2d at 442-3. "[W]here a statute is explicit on its face, the courts have no authority to impose restrictions that the statute does not expressly contain." *Id.* at 481, 500 S.E.2d at 443.

While other states have included requirements in their parental consent laws designed to prevent the sort of deception practiced by Mukeshia in this case, *see e.g.* La. Rev. Stat. Ann. § 40-1299.35.5 requiring parental consent to be notarized, our General Assembly has neither included such requirements nor evidenced an intent to do so. G.S. § 90-21.7 contains no requirement, express or implied, that the physician conduct an investigation into the circumstances of a purported written parental consent for an abortion to determine the validity of the writing. Criminal sanctions are imposed only upon an intentional and knowing violation of the consent statute, evidencing a legislative intent against imposing liability upon health care providers who act in good faith. A strict liability interpretation will not generally be placed upon a statute unless the court finds it was clearly the purpose of the legislature to do so. *Hurley v. Miller*, 113 N.C. App. 658, 440 S.E.2d 286 (1994), *reversed on other grounds*, 339 N.C. 601, 453 S.E.2d 861 (1995).

Moreover, the interpretation of G.S. § 90-21.7 sought by plaintiffs, imposing strict liability for even an unintentional or unknowing violation of the statute, might well render the statutory parental or judicial consent scheme unconstitutional. In *Planned Parenthood, Sioux Falls Clinic v. Miller*, 63 F.3d 1452 (8th Cir. 1995), *cert. denied*, 517 U.S. 1174, 134 L.Ed.2d 679 (1996), the court held that the potential for civil liability for a good faith mistake would chill the willingness of health care providers to perform abortions, imposing an impermissibly undue burden upon a minor woman's right to an abortion. While

**JACKSON v. A WOMAN'S CHOICE, INC.**

[130 N.C. App. 590 (1998)]

we do not believe G.S. § 90-21.7 is subject to a reasonable construction of strict liability, even if such a construction was reasonable, our own Supreme Court has instructed that where a statute is subject to two constructions, one of which would raise a serious constitutional question, the court should adopt the construction which avoids the constitutional problem. *In the Matter of Arthur,* 291 N.C. 640, 231 S.E.2d 614 (1977).

Thus, we decline to adopt the strict liability interpretation of G.S. § 90-21.7 urged by plaintiffs, and hold that where, as here, a health care provider is presented with an apparently valid written parental consent and is thereby deceived into performing an abortion procedure upon a minor, the unknowing and unintentional failure to obtain actual parental consent is not a violation of the statute. Since plaintiffs neither alleged nor offered evidence tending to show defendants knowingly or intentionally failed to obtain parental consent, the trial court correctly ruled no violation of the statute had occurred and there is no basis for liability.

As conceded by their counsel at oral argument, each of the claims alleged in plaintiffs' complaint is grounded upon the premise that, in performing the abortion upon Mukeshia, defendants violated G.S. § 90-21.7. Because the trial court correctly determined as a matter of law that no violation occurred in this case, defendants were entitled to judgment as a matter of law. In view of this holding, it is unnecessary for us to consider the additional grounds stated by the trial court in support of its order dismissing the claims or plaintiffs' arguments with respect thereto. In addition, our holding renders moot plaintiffs' motion to strike certain of the affirmative defenses asserted by defendants, and we decline, therefore, to consider plaintiffs' argument relating thereto.

The order dismissing plaintiffs' complaint is affirmed.

Affirmed.

Judges LEWIS and SMITH concur.