In re Humana Hosp. Corp. v. N.C. Dept. of Human Resources

home at night, took it to a wooded area, and opened it by peeling away the faceplate in the same manner in which Lyman Harris's safe had been opened. Johnny Evans testified that defendant had admitted to the crimes with which defendant was charged in this case. Furthermore, in the week following the burglary of the Harris safe and its contents, defendant spent cash totalling in excess of $4,500, primarily in denominations of one hundred dollar bills. We believe this evidence is sufficient to establish substantial evidence of each element of the charge of felonious possession of stolen property.

For the reasons set forth above, we find

No error.

Judges WHICHARD and JOHNSON concur.

IN THE MATTER OF: HUMANA HOSPITAL CORPORATION, INC., PETITIONER-AP-PELLANT v. NORTH CAROLINA DEPARTMENT OF HUMAN RESOURCES, DIVISION OF FACILITY SERVICES, CERTIFICATE OF NEED SECTION, RESPONDENT-APPELLEE, AND WAKE COUNTY HOSPITAL SYSTEM, INC.; HOSPITAL BUILDING COMPANY, D/B/A RALEIGH COMMUNITY HOSPITAL; AND CORNELIA ALLEN, MARY DUNN, HUBERT A. EVANS, ET AL., INTERVENORS

No. 8510DHR1028

(Filed 1 July 1986)

1. **Hospitals § 2.1 — certificate of need — State exceeded its authority — no prejudice**

Respondent exceeded its authority in ruling on competing applications for a certificate of need for a new hospital by permitting the Wake County Hospital to determine how many of up to 20 beds at its existing medical center· would be transferred to the new facility; however, the error did not prejudice petitioner's application and could be corrected on remand. N.C.G.S. Chapt. 150A, N.C.G.S. § 131-177(4).

2. **Hospitals § 2.1 — certificate of need — construction not covered by application**

The decision of the Department of Human Resources to permit competing applicants for a certificate of need for a new hospital to construct facilities not covered by their applications was not unauthorized; the law does not require that applications be approved precisely as submitted or not at all. N.C.G.S. § 131-182(b).

**3. Hospitals § 2.1— certificate of need—consideration of current information—revision of costs estimates**

The Department of Human Resources did not act in an illegal, unfair, or unconstitutional manner when considering competing applications for a certificate of need for a new hospital by adding to its file up-to-date information on an applicant's change in policy regarding uninsured non-emergency indigents or by revising another applicant's estimates of the costs of operating the proposed facility. 10 N.C. Admin. Code 3R .0306(b).

**4. Hospitals § 2.1— certificate of need—agency decision supported by whole record**

The findings of the Department of Human Resources in granting a certificate of need for a new hospital to petitioner's competitors were supported by evidence upon review of the whole record and were affirmed, with the exception of a determination not affecting petitioner, despite a hearing officer's findings in petitioner's favor.

APPEAL by petitioner from the decision of the North Carolina Department of Human Resources, Division of Facility Services, entered 26 April 1985. Heard in the Court of Appeals 4 March 1986.

In 1981, pursuant to G.S. 131-177, the North Carolina Department of Human Resources (DHR) announced the need for the construction of 160 acute care hospital beds through 1987 in Wake County. In response thereto, petitioner Humana Hospital Corporation (Humana), Wake County Hospital System, Inc. (WCHS), and Hospital Building Company (HBC) applied to the DHR for certificates of need (CON). In doing so Humana proposed to construct a 160 bed full service, acute care hospital near Cary, in southwestern Wake County; WCHS, which operates Wake Medical Center and several other hospitals in the County, proposed to relocate Western Wake Hospital, a 20 bed satellite hospital in Apex, and make it a 110 bed hospital by adding 90 beds; and HBC, which operates Raleigh Community Hospital in north Raleigh, proposed to remodel that 140 bed facility and add a 110 bed wing to it.

DHR treated the applications as competing and following a review by the CON Section it denied Humana's application, approved HBC's application on condition that it add only 90 beds rather than 110 to its 140 bed facility, and approved WCHS's application on condition that it close its 20 bed satellite facilities in Apex and Fuquay-Varina and not provide obstetrical and neonatal services in the new Western Wake Hospital. At Humana's

request the decision was reconsidered, after which the hearing officer recommended that it be changed in only one respect—that instead of WCHS closing the hospital at Fuquay-Varina it should close 1 to 20 beds at Wake Medical Center and transfer them to the new Western Wake facility. At Humana's request a contested case hearing was then ordered pursuant to G.S. 131-185 (Supp. 1981). HBC, WCHS and certain individuals representing the low income residents of Wake County were permitted to intervene; and an evidentiary hearing was conducted by hearing officer, attorney Leonard Jernigan. In his proposal for decision, filed in accord with G.S. 150A-34, Jernigan found and concluded that the CON Section had abused its discretion in conducting the competitive review and recommended that Humana's application be unconditionally approved and that the applications of WCHS and HBC be denied. The proposal was reviewed by I. O. Wilkerson, the Director of the Division of Facility Services, who had been designated by DHR to render the final agency decision; he rejected the hearing officer's recommended findings and conclusions, and affirmed the decision of the CON Section to approve, with the conditions previously stated, the applications of WCHS and HBC and to deny Humana's application. The decision, after review by the Wake County Superior Court, was remanded to Wilkerson, who filed a revised decision somewhat to the same effect as before. As permitted by G.S. 131E-188, Humana appealed therefrom directly to this Court.

*Sanford, Adams, McCullough & Beard, by Charles H. Montgomery and Renee J. Montgomery, for petitioner appellant.*

*Attorney General Thornburg, by Assistant Attorney General Barbara P. Riley and Assistant Attorney General John R. Corne, for respondent appellee.*

*Manning, Fulton & Skinner, by Howard E. Manning, and Hollowell & Silverstein, by Edward E. Hollowell and Robert L. Wilson, Jr., for intervenor appellee Wake County Hospital System, Inc.*

*Jordan, Price, Wall, Gray & Jones, by John R. Jordan, Jr., Stephen R. Dolan, and Steven M. Shaber, for intervenor appellee Hospital Building Company, d/b/a Raleigh Community Hospital.*

*East Central Community Legal Services, by Gregory C. Malhoit; N. C. Legal Services Resource Center, by Pam Silberman; and Legal Services of The Lower Cape Fear, by Richard Klein, for intervenor appellees Cornelia Allen, Mary Dunn, Hubert A. Evans, et al.*

PHILLIPS, Judge.

[1] Since this matter was initiated before the effective date of the rewritten Administrative Procedure Act, N.C. Sess. Laws (1st Sess. 1985) c. 746, s. 19, *codified at* G.S. Chapter 150B, the Administrative Procedure Act of 1973 (APA), G.S. Chapter 150A, governs our review of this case. Section 51 of the APA provides as follows:

> The court may affirm the decision of the agency or remand the case for further proceedings; or it may reverse or modify the decision if the substantial rights of the petitioners may have been prejudiced because the agency findings, inferences, conclusions, or decisions are:
>
> (1) In violation of constitutional provisions; or
>
> (2) In excess of the statutory authority or jurisdiction of the agency; or
>
> (3) Made upon unlawful procedure; or
>
> (4) Affected by other error of law; or
>
> (5) Unsupported by substantial evidence admissible under G.S. 150A-29(a) or G.S. 150A-30 in view of the entire record as submitted; or
>
> (6) Arbitrary or capricious.

In a brief upwards of 100 pages long Humana argues that the respondent agency, both in processing the competing applications and in ruling on them, exceeded its authority, abused its discretion, and acted arbitrarily and capriciously in several respects. The only action by the respondent that fits any of these characterizations in our opinion was its decision to permit the Wake County Hospital to determine how many of its 20 beds at Wake Medical Center should be transferred to the new Western Wake facility. G.S. 131-177(4) places the responsibility

for determining the need for new hospital beds in this state upon the respondent agency, and G.S. 131-182(b) authorizes it to approve the construction of such facilities with or without conditions; but no statute authorizes it to delegate any of its authority to others and the attempted delegation is void. Even so, this unauthorized act, which affected only 19 hospital beds at the most and could not have prejudiced Humana's application to construct a 160 bed hospital, does not require any further action on Humana's application, which is the subject of this appeal. The error can be corrected on remand by the respondent determining the number of beds to be closed at Wake Medical Center and transferred to the new facility.

[2] Another agency decision that Humana earnestly argues was unauthorized was permitting the competing applicants to construct facilities that were not covered by their applications. The argument seems to be that the agency must either approve or disapprove of applications for certificates of need but has no authority to either require more or grant less than is applied for. In our opinion the law does not require that applications for certificates of need be approved precisely as submitted or not at all, and it would be folly if it did so. G.S. 131-182(b) provides, "The Department shall issue as provided in this Article a certificate of need *with or without conditions* or reject the application within the review period." (Emphasis supplied.) The fundamental purpose of the certificate of need law is to limit the construction of health care facilities in this state to those that the public needs and that can be operated efficiently and economically for their benefit. G.S. 131-175; Schonbrun, *Making Certificate of Need Work*, 57 N.C. L. Rev. 1259 (1979). In serving that purpose adjustments are often needed and under the foregoing statute the agency has discretion to make them by granting only some of the things applied for and by imposing conditions not applied for. The record in this case indicates that additional hospital beds are needed in more than one part of Wake County, while some hospital beds are located where they are not needed. The agency's decision to put some of the additional beds in one place and some in another and to transfer beds to those places from unneeded facilities was both authorized and justified, in our opinion.

[3] The several other agency acts that Humana contends were illegal, unfair or unconstitutional are of somewhat the same sub-

stance, and we will discuss only two of them. One is that HBC was permitted to amend its application, whereas DHR regulation, 10 N.C. Admin. Code 3R .0306(b) prohibits the amending of certificate of need applications after they have been declared complete for review. But HBC did not amend its application. What happened, as the record shows, was that: In its original application HBC indicated that in admitting uninsured, non-emergency indigents to the proposed new facility its policy was to require a deposit commensurate with the treatment anticipated; that policy was later changed by HBC's board of directors and when the CON Section received a hearsay report to that effect, it wrote HBC's attorney for verification, and added his reply to the file. Adding this up-to-date information to the file was not unauthorized and, in any event, did not cause the agency to determine that a new 160 bed hospital is not needed in Cary, as Humana proposed. Another unauthorized act complained of is that the agency revised Humana's estimates as to the cost of operating the proposed facility. But according to the record an adjustment of these estimates was necessary because of discrepancies in Humana's application and in making the adjustment the agency used Humana's costs at its similar facility in Greensboro, which was neither unfair nor prejudicial.

[4]  The main question before us, of course, is whether the agency decision has adequate evidentiary support. Agency findings of fact are conclusive if, upon review of the whole record, they are supported by competent, material, and substantial evidence. G.S. 150A-51(5); *Thompson v. Wake County Board of Education*, 292 N.C. 406, 233 S.E. 2d 538 (1977). In arguing that the agency findings are not so supported, however, Humana dwells mostly on the perceived soundness of the hearing officer's recommended findings in its favor. While the hearing officer's recommendations were entitled to consideration and apparently received it, the responsibility for making the decision is that of the DHR. G.S. 131-177. And it is neither decisive nor persuasive that the hearing officer's findings may be supported by evidence, as Humana argues, because the agency's findings are similarly supported. Making deductions from the evidence before it was the prerogative as well as the responsibility of the DHR, and the deductions made, so our review of the whole record indicates, were both lawful and proper. Thus the decision is affirmed except for that part

which would permit WCHS to determine how many of its 20 beds at Wake Medical Center will be transferred to the new Western Wake facility, and that determination is reversed. Upon remand the respondent agency will determine the number of beds to be transferred from Wake Medical Center to the new Western Wake facility as it should have done to start with.

Affirmed in part; reversed in part, and remanded.

Judges ARNOLD and EAGLES concur.