THOMAS WALKER v. NORTH CAROLINA DEPARTMENT OF HUMAN RESOURCES; BETTY S. CAMP v. NORTH CAROLINA DEPARTMENT OF HUMAN RESOURCES

Nos. 8910SC1322
9010SC36

(Filed 30 October 1990)

1. **Administrative Law § 67 (NCI4th) — review of State Personnel Commission — whole record test**

   In two actions arising from the dismissal of State employees, the appeal record did not affirmatively show that the superior court failed to apply the whole record test where the order in each case states that the court reviewed "the briefs of the parties, the order of the State Personnel Commission, the recommended decision of the Administrative Judge," and heard arguments of counsel. Since neither party objected to the findings adopted by the Commission, the superior court could reasonably assume that the Commission had properly resolved these conflicts and that the findings in each case accurately and properly reflected the whole record.

   **Am Jur 2d, Administrative Law §§ 689, 730 et seq.**

2. **State § 12 (NCI3d) — dismissal of State employees — just cause — not shown**

   The trial court correctly concluded that the State Personnel Commission's findings did not support its conclusion that just cause was established for termination of two rehabilitation counselors where there were not substantial findings of fact to support the conclusions and, in fact, many of the findings were directly contradictory to the conclusions.

   **Am Jur 2d, Master and Servant §§ 45, 46, 54, 55.**

3. **State § 12 (NCI3d) — termination of State employees — finding of just cause — grounds**

   When an agency seeks to establish before the State Personnel Commission that an employee subject to the State Personnel Act was terminated for just cause, it cannot rest solely on the grounds that a supervisor's directions were not carried out to the fullest extent. An agency must make a showing that the employee has not performed with reasonable care, diligence, and attention. Failure to fulfill quotas and complete

WALKER v. N.C. DEPT. OF HUMAN RESOURCES

[100 N.C. App. 498 (1990)]

tasks to the complete satisfaction of a supervisor is not enough; the agency must show that these quotas and job requirements were reasonable and that the employee made no reasonable effort to meet them.

**Am Jur 2d, Master and Servant §§ 45, 46, 54, 55.**

APPEAL by respondent from orders entered 19 September 1989 in WAKE County Superior Court by *Judge James H. Pou Bailey*. Heard in the Court of Appeals 28 August 1990.

Each petitioner was dismissed from its position as a rehabilitation counselor with respondent's Division of Vocational Rehabilitation on 28 February 1986. Respondent has appealed the trial court's decision in each case reversing the State Personnel Commission and ordering that each petitioner be reinstated. Since these cases present similar facts and questions of law, they have been consolidated for appeal. We affirm.

## Thomas Walker

Petitioner in this case began working as a counselor for the Division of Vocational Rehabilitation in 1972. His main responsibility as a counselor was to counsel handicapped adolescents and successfully place them in jobs. Counselors were required to evaluate the eligibility of potential clients for services and develop individualized rehabilitation plans. They were also expected to provide transportation when necessary, train the client to use public or other transportation on their own, teach job-seeking and job-keeping skills, and help the client overcome other barriers to acquiring employment. Counselors were also expected to actively seek out employment for the clients. All of these services were to be documented. A primary measure of performance of the counselors was the number of case activations and successful case closures each year. A successful case closure is defined as a client working in a particular job for 60 days.

On 26 October 1984, petitioner was orally warned by his unit manager, E. Frank Rouse, for inadequate performance. After a December case review was completed, Rouse was still dissatisfied with petitioner's performance and warned him in writing. Rouse then devised a performance contract under which petitioner was to work. By the end of June, 1985, petitioner had satisfactorily performed 13 out of the 15 designated activities. He was considered

to be deficient in implementing a case diary system which Rouse was to assist him with, but had not. He had also failed to meet his quota of successful job placements, but had met his quota of case activations.

A special case review in July 1985 revealed what were considered to be inadequacies in paper work and documentation. Closures or activations in which documentation was considered to be inadequate had earlier been approved by Rouse or another supervisor, however. On 30 August 1985, a final written warning was issued. A second performance contract was devised in September.

Petitioner was evaluated four times during the period of the second contract. By the final follow-up, petitioner had performed satisfactorily in seven out of nine areas. Petitioner had again been unable to meet his quota for job or job training placements, and five cases revealed a failure to either provide adequate client services or to document them if they were being provided. Rouse had never received any complaints from the general public, school personnel, or other counselors regarding petitioner's work or provision of services. Area school personnel who worked in special education considered petitioner to go above and beyond the call of duty for his clients. Petitioner was terminated 13 February 1986, effective 28 February 1986.

### Betty S. Camp

Petitioner in this case began work as a counselor in 1967. On 10 September 1984, petitioner was commended for her performance by Rouse. On 25 October 1984, petitioner was orally warned by Rouse that her performance was inadequate. A performance contract was then drawn up in January 1985 under which she was expected to work. Prior to this contract, in December 1984, it was recommended to Rouse that petitioner receive help in closing out old cases and have part of her caseload reassigned. Her caseload was far in excess of the other school counselors. Rouse did not implement any of these recommendations. By the end of June 1985, petitioner had adequately performed 14 of the 18 designated assignments under the contract. She was still considered deficient in carrying through a case diarying system, completing annual review forms, and successfully placing clients in jobs. She had, however, met her quota of case activations.

In a special July follow-up review, several cases were considered to be marked by either inadequate performance of services or inadequate documentation if these services had in fact been provided. Closures or activations in which documentation was considered to be inadequate had earlier been approved by Rouse or another supervisor, however. Petitioner exceeded her quota of job placements in August, 1985. On 29 August 1985, she was issued a final written warning.

A second performance contract was implemented in September, 1985. Petitioner was reviewed four times during the course of this contract. By February 1986, she had performed adequately in seven out of the eleven areas designated in the contract. She had a few cases which needed closing and rehabilitation plans, and a few that needed corrected documentation. She had also not been able to meet her job and job training quotas. Rouse had never received any complaints from the general public, school personnel, or other counselors or staff about petitioner's work. Area school personnel who worked in special education considered petitioner to go above and beyond the call of duty for her clients. Petitioner was terminated 13 February 1986, effective 28 February 1986.

Both petitioners appealed their terminations. The administrative law judge assigned to each case submitted recommended decisions containing extensive findings of fact and concluded that respondent had not carried its burden of establishing just cause for dismissal in either case, and recommended that each petitioner be reinstated. The State Personnel Commission adopted the administrative law judge's findings of fact in each case, but concluded that respondent had carried its burden of establishing just cause and upheld each termination. The trial court reversed the Commission, ruling that the Commission's conclusions were not supported by the findings of fact it had adopted, that respondent had not carried its burden of showing just cause, and ordering that each petitioner be reinstated. Respondent appeals.

*Edelstein, Payne & Nelson, by M. Travis Payne, for petitioners-appellees.*

*Attorney General Lacy H. Thornburg, by Assistant Attorney General John R. Corne, for respondent-appellant.*

WELLS, Judge.

This court's review of a trial court's consideration of a final agency decision is to determine whether the trial court failed to properly apply the review standard articulated in N.C. Gen. Stat. § 150B-51. *In re Kozy*, 91 N.C. App. 342, 371 S.E.2d 778 (1988), *disc. review denied*, 323 N.C. 704, 377 S.E.2d 225 (1989). Our review is further limited to the exceptions and assignments of error set forth to the order of the superior court. *Watson v. N.C. Real Estate Commission*, 87 N.C. App. 637, 362 S.E.2d 294 (1987), *cert. denied*, 321 N.C. 746, 365 S.E.2d 296 (1988).

An agency decision may be reversed or modified by the reviewing court if the substantial rights of the petitioners may have been prejudiced because the agency's findings, inferences, conclusions, or decisions are:

(4) Affected by other error of law;

(5) Unsupported by substantial evidence . . . in view of the entire record as submitted; or

(6) Arbitrary or capricious.

N.C. Gen. Stat. § 150B-51(b) (1985). The proper standard to be applied depends on the issues presented on appeal. If it is alleged that an agency's decision was based on an error of law then a *de novo* review is required. *Brooks, Com'r of Labor v. Rebarco, Inc.*, 91 N.C. App. 459, 372 S.E.2d 342 (1988). A review of whether the agency decision is supported by the evidence, or is arbitrary or capricious, requires the court to employ the whole record test. *Id.*

Having set out the proper standard of review, we now determine whether the trial court correctly applied it. In each case, respondent has set out a long list of somewhat redundant assignments of error. We note initially that respondent did not object in either case to the adopted findings of fact at the superior court level. The findings of fact were binding, therefore, at that appellate level, and are binding for purposes of our review. *See Long v. Morganton Dyeing & Finishing Co.*, 321 N.C. 82, 361 S.E.2d 575 (1987).

[1] Respondent's primary contention on appeal is that the superior court erred by not applying the "whole record test" in reviewing the decision of the Commission. As we have noted, the whole record test was the proper scope of review for determining the merits of petitioners' contentions that the Commission's conclusions were

not supported by its findings of fact. The order in each case states that the court reviewed "the briefs of the parties, the Order of the State Personnel Commission, the Recommended Decision of the Administrative Judge," and heard the arguments of counsel. We do not agree that this appeal record affirmatively shows that the superior court failed to apply the whole record test.

The whole record test generally requires examination of the entire record, including the evidence which detracts from the agency's decision. *Thompson v. Board of Education*, 292 N.C. 406, 233 S.E.2d 538 (1977). Neither party here, however, called the court's attention to any dispute in the evidence by excepting to or assigning error to any of the findings of fact adopted by the Commission. When an agency finds facts, it is required to resolve conflicting evidence. *See Dunlap v. Clarke Checks, Inc.*, 92 N.C. App. 581, 375 S.E.2d 171 (1989). Since neither party objected to the findings adopted by the Commission, the superior court could reasonably assume that the Commission had properly resolved these conflicts, and that the findings in each case accurately and properly reflected the whole record.

[2]  The superior court was compelled then, to examine the conclusions of the Commission and determine whether they were supported by substantial evidence in the record, as reflected by the findings of fact. If an agency decision is not supported by substantial evidence in the record, it may be reversed. *Joyce v. Winston-Salem State University*, 91 N.C. App. 153, 370 S.E.2d 866, *cert. denied*, 323 N.C. 476, 373 S.E.2d 862 (1988). Substantial evidence is that which a reasonable mind would regard as adequately supporting a particular conclusion. *Id.* The court held that the conclusions of the Commission were not supported by the findings of fact. We agree.

The Commission concluded from the findings of fact that each petitioner's performance continued to be deficient during the probationary periods in that each petitioner failed to meet the reasonable expectations of respondent. The Commission further concluded that the findings of fact indicated that each petitioner was compelled to catch up on paper work and documentation while keeping up a full workload because of "inadequate performance." Finally, the Commission concluded that each petitioner had improved during the probationary periods, but not to such an extent to merit continued employment. We do not find substantial evidence in the

findings of fact which would support these conclusions, and view many of these findings to be directly contradictory to them. In each case, the findings support a conclusion that respondent's expectations for these petitioners were not reasonable, particularly regarding the mandatory placement of a set number of clients in jobs each month. In each case, the findings support a conclusion that each petitioner was behind in paper work at least in part because of extraneous forces, such as understaffing and an office fire.

[3]  The superior court concluded that respondent had not met its burden of showing just cause to uphold the terminations. N.C. Gen. Stat. § 126-35 provides that no permanent employee subject to the State Personnel Act shall be discharged except for just cause. Just cause is not defined. The words are to be given their ordinary meaning. *Reed v. Byrd*, 41 N.C. App. 625, 255 S.E.2d 606 (1979). There is no question that a state employee may be discharged for inadequate performance of duties. *See Leiphart v. N.C. School of the Arts*, 80 N.C. App. 339, 342 S.E.2d 914, *cert. denied*, 318 N.C. 507, 349 S.E.2d 862 (1986). We agree with the State Personnel Commission that the adequacy of an employee's work must be, to some extent, a subjective determination made by agency personnel. When an agency seeks to establish before the Commission that an employee was terminated for just cause, however, it cannot rest solely on the grounds that a supervisor's directives were not carried out to their fullest extent.

The standard of employee conduct implied in every contract of employment is one of reasonable care, diligence and attention. *Wilson v. McClenny*, 262 N.C. 121, 136 S.E.2d 569 (1964); *McKnight v. Simpson's Beauty Supply, Inc.*, 86 N.C. App. 451, 358 S.E.2d 107 (1987). We cannot say that a state employee undertakes any greater duty. In attempting to establish that it had just cause to terminate an employee, then, an agency is bound to make a showing that the employee has not performed with reasonable care, diligence and attention. Failure to fulfill certain quotas and complete certain tasks to the complete satisfaction of a supervisor is not enough. The agency must show that these quotas and job requirements were *reasonable*, and if so, that the employee made no reasonable effort to meet them. The facts which the Commission adopted do not support such a conclusion, and several directly contradict it. The facts show that each petitioner was putting in extra effort to attempt to meet Rouse's requirements, and show that these requirements failed to take into account many of the

realities of the school caseload. There is also nothing in the findings which would indicate that the inability of petitioners to meet Rouse's goals adversely affected the agency in any way. To the contrary, these findings indicate that respondent's clients were well served by each petitioner.

The trial court having correctly concluded that the Commission's own findings did not support its conclusion that just cause was established in these cases, the order of the trial court in each case must be and is

Affirmed.

Judges EAGLES and LEWIS concur.