CAPE FEAR MEMORIAL HOSPITAL, Petitioner-Appellant v. NORTH CAROLINA DEPARTMENT OF HUMAN RESOURCES, Respondent-Appellee

No. COA95-394

(Filed 6 February 1996)

**Hospitals and Medical Facilities or Institutions § 10 (NCI4th)— acquisition of equipment by hospital—requirement of certificate of need—error**

> Respondent erred by holding that petitioner was required to obtain a certificate of need before purchasing new equipment valued at $232,510, since the equipment in question was purchased to expand and upgrade petitioner's existing heart catheterization capabilities; the new equipment was not "cardiac catheterization equipment" as defined by N.C.G.S. § 131E-176(2f), the acquisition of which would have required a certificate of need; and the equipment did not exceed the $2,000,000 statutory limit for expanding present health services without a certificate of need.

**Am Jur 2d, Administrative Law § 388.**

Appeal by petitioner from decision entered 7 November 1994 by the North Carolina Department of Human Resources. Heard in the Court of Appeals 11 January 1996.

> *Bode, Call & Green, by Robert V. Bode and Diana E. Ricketts, for petitioner-appellant.*

> *Attorney General Michael F. Easley, by Assistant Attorney General Sherry C. Lindquist, for respondent-appellee.*

MARTIN, Mark D., Judge.

Petitioner Cape Fear Memorial Hospital (Cape Fear) appeals from final agency decision issued by respondent North Carolina Department of Human Resources (Department) requiring Cape Fear to obtain a certificate of need (CON) before purchasing a 13" image intensifier and a cine camera (new equipment).

On 28 March 1991 Cape Fear purchased a Siemens Angiostar (Angiostar), which can be used for cardiac catheterization procedures. Less than one year after accepting the Angiostar, Cape Fear informed the Department of its intent to purchase a 13" image intensifier and cine camera in an effort to upgrade and expand the capa-

bilities of the Angiostar. On 22 October 1993 the Department, through its CON Section, informed Cape Fear that it must secure a CON prior to purchasing the new equipment. Cape Fear filed a timely request for a contested case hearing challenging the CON Section's ruling.

On 15 August 1994 Administrative Law Judge Robert Roosevelt Reilly, Jr., concluded Cape Fear was barred from acquiring the new equipment without first receiving a CON. On 7 November 1994 the Director of the Department's Division of Facility Services adopted the recommended decision as the final agency decision.

Cape Fear appeals directly to this Court pursuant to N.C. Gen. Stat. 7A-29(a). We consolidate the numerous assignments of error into one issue—whether the Department erred by holding Cape Fear was required to obtain a CON before purchasing the new equipment.

A final agency decision may be reversed if the agency's findings, inferences, conclusions, or decisions are based on an error of law. N.C. Gen. Stat. § 150B-51(b) (1995). Moreover, this Court reviews the agency's findings and conclusions *de novo* when considering alleged errors of law. *Walker v. N.C. Dept. of Human Resources*, 100 N.C. App. 498, 502, 397 S.E.2d 350, 354 (1990), *disc. review denied*, 328 N.C. 98, 402 S.E.2d 430 (1991).

At the outset we note that the Department's determination the purchase of the new equipment required a CON was based on its interpretation of N.C. Gen. Stat. § 131E-175, *et seq.* As an erroneous interpretation of a statute is an error of law, *Taylor Home of Charlotte v. City of Charlotte*, 116 N.C. App. 188, 195, 447 S.E.2d 438, 443, *disc. review denied*, 338 N.C. 524, 453 S.E.2d 170 (1994), we review the Department's finding that Cape Fear's new equipment falls within the provisions of N.C. Gen. Stat. § 131E-178(a) *de novo*.

N.C. Gen. Stat. § 131E-178(a) provides, in pertinent part, "no person shall offer or develop a new institutional health service without first obtaining a certificate of need from the Department . . . ." N.C. Gen. Stat. § 131E-178(a) (1994). A "new institutional health service" is defined to include, among other things, "[t]he acquisition by purchase of . . . cardiac catheterization equipment." N.C. Gen. Stat. § 131E-176(16)f1.3 (1994). "Cardiac catheterization equipment" is defined as "the equipment required to perform diagnostic procedures or therapeutic intervention in which a catheter is introduced into a vein or artery and threaded through the circulatory system to the heart." N.C. Gen. Stat. § 131E-176(2f) (1994).

The Department concluded that the new equipment, by itself, is "cardiac catheterization equipment" and, therefore, Cape Fear must obtain a CON prior to purchasing such equipment. This Court must now determine whether, according to the statutory definition, the new equipment is "cardiac catheterization equipment." This issue must necessarily be resolved by recourse to well-established principles of statutory interpretation.

"The primary goal of statutory construction is to give effect" to the legislative intent. *Bowers v. City of High Point*, 339 N.C. 413, 419, 451 S.E.2d 284, 289 (1994). Indeed, the words of a statute must be construed as part of a composite whole and accorded only that meaning which other modifying provisions coupled with the intent and purpose of the act will permit. *State v. Johnson*, 298 N.C. 47, 56, 257 S.E.2d 597, 606 (1979).

We believe the expansive interpretation proposed by the Department, thereby allowing micro-management over relatively minor capital expenditures, does not effectuate the overriding legislative intent behind the CON process, *i.e.*, regulation of major capital expenditures which may adversely impact the cost of health care services to the patient. *See* N.C. Gen. Stat. §§ 131E-175(1)-(2), (4), (6)-(7) (1994). Nevertheless, the legislature clearly did not intend to impose unreasonable limitations on maintaining, N.C. Gen. Stat. § 131E-184(a)(7) (1994) (CON not required for replacement parts), or expanding, N.C. Gen. Stat. § 131E-176(16)b (1994) (CON not required for expansion of present health service costing less than $2,000,000), presently offered health services. See also N.C. Gen. Stat. § 131E-176(14f) (1994) (CON not required for purchase of unit or system to provide new health service which costs less than $750,000). Therefore, we believe, construing N.C. Gen. Stat. § 131E-175, *et seq.*, as a whole, that the legislature intended "cardiac catheterization equipment" to include only the actual unit capable of performing cardiac catheterization procedures, not the component parts used to maintain, upgrade, or expand a unit.

The present record indicates, and we agree, that the Angiostar, as presently configured, falls within the statutory definition of "cardiac catheterization equipment." Put simply, the proposed acquisitions merely expand and upgrade the current cardiac catheterization service already offered by the Angiostar. Accordingly, consistent with the legislative intent, we believe the new equipment is not "cardiac catheterization equipment" as defined by section 131E-176(2f).

CRAVEN COUNTY BD. OF EDUCATION v. WILLOUGHBY

[121 N.C. App. 495 (1996)]

Although the new equipment is not "cardiac catheterization equipment," it does expand the capabilities of the Angiostar. The proposed acquisitions, therefore, implicate N.C. Gen. Stat. § 131E-176(16)b. Under section 131E-176(16)b, a CON is required for "[t]he obligation by any person of a capital expenditure exceeding [$2,000,000] . . . to . . . expand a health service." N.C. Gen. Stat. § 131E-176(16)b. "The cost of any studies, surveys, designs, plans, working drawings, specifications, and other activities, including staff effort and consulting and other services, essential to the . . . expansion . . . of any . . . equipment . . ." should be considered in calculating the total cost for expanding a presently offered health service. *Id.*

In the present case, the Department found the total cost of acquiring the new equipment to be $232,510—well below the $2,000,000 statutory limit for expanding present health services. Accordingly, we conclude Cape Fear does not need a CON before purchasing the new equipment.

Reversed and remanded.

Judges EAGLES and MARTIN, John C., concur.