GOOD HOPE HOSPITAL, INC. AND GOOD HOPE HEALTH SYSTEM, L.L.C., PETITIONERS, AND TOWN OF LILLINGTON, PETITIONER-INTERVENOR V. NORTH CAROLINA DEPARTMENT OF HEALTH AND HUMAN SERVICES, DIVISION OF FACILITY SERVICES, CERTIFICATE OF NEED SECTION, RESPONDENT, AND BETSY JOHNSON REGIONAL HOSPITAL, INC., AND AMISUB OF NORTH CAROLINA, INC. D/B/A CENTRAL CAROLINA HOSPITAL, RESPONDENT-INTERVENORS

No. COA05-183

(Filed 3 January 2006)

**Hospitals— certificate of need—total replacement of facility**

The legislature's intent in enacting the certificate of need (CON) law allows the total replacement of a health service facility without certificate of need review in only one instance, where the facility is destroyed or damaged by natural disaster or accident. That instance did not apply here, and the Department of Health and Human Services did not err by determining that Good Hope Hospital System was not exempt from CON review. N.C.G.S. § 131E-184.

Judge TYSON dissenting.

Appeal by petitioners and petitioner-intervenor from a Final Agency Decision issued 1 November 2004 by the North Carolina Department of Health and Human Services. Heard in the Court of Appeals 14 September 2005.

*Smith Moore, LLP, by Maureen Demarest Murray, Susan Frandenburg, and William Stewart, Jr., for petitioner-appellant, Good Hope Health System, LLC.*

*Morgan, Reeves and Gilchrist, by C. Winston Gilchrist, for petitioner-intervenor appellant, Town of Lillington.*

*Attorney General Roy Cooper, by Special Deputy Attorney General Melissa L. Trippe, for respondent-appellee N.C. Department of Health and Human Services.*

*Wyrick Robbins Yates & Ponton, LLP, by K. Edward Greene and Kathleen A. Naggs, and Nelson Mullins Riley & Scarborough, LLP, by Noah H. Huffstetler, III and Denise M. Gunter, for respondent-intervenor appellee Betsy Johnson Regional Hospital, Inc.*

*Bode Call & Stroupe, L.L.P., by Robert V. Bode, S. Todd Hemphill, and Diana Evans Ricketts, for respondent-intervenor appellee Amisub of North Carolina, Inc. d/b/a Central Carolina Hospital.*

GOOD HOPE HOSP., INC. v. N.C. DEP'T OF HEALTH & HUMAN SERVS.

[175 N.C. App. 309 (2006)]

STEELMAN, Judge.

Petitioner, Good Hope Hospital (Good Hope), is licensed as an acute care hospital. It has been in operation since 1921 in Erwin, North Carolina. Betsy Johnson Regional Hospital, Inc. (Betsy Johnson), is located in Dunn, North Carolina. Both hospitals are located in Harnett County. Due in part to its age, Good Hope's existing hospital is nearing the end of its useful life and suffers from multiple deficiencies.

## Certificate of Need Applications

In 2001, Good Hope applied for a Certificate of Need (CON) with the Department of Health and Human Services, Division of Facility Services, Certificate of Need Section (Agency) pursuant to Chapter 131E of the North Carolina General Statutes to partially replace its existing facility. The Agency conditionally approved Good Hope's 2001 application, but only for two operating rooms. Good Hope filed a petition for contested case hearing in the Office of Administrative Hearings (OAH). Good Hope and the Agency settled the dispute in a written agreement. On 14 December 2001, the Agency issued a CON to Good Hope for a forty-six bed hospital with three operating rooms.

Good Hope was unable to obtain funding for its hospital through HUD. As a result, Good Hope entered into a joint venture with Triad Hospital, Inc., who agreed to finance the project, and the two formed Good Hope Hospital System, L.L.C. (GHHS). GHHS filed a motion for declaratory ruling requesting it be assigned Good Hope's 2001 CON. The Agency denied this request. GHHS appealed the denial to the Department of Health and Human Services, Division of Facility Services (Department), but obtained a stay of this appeal. Good Hope has not relinquished its 2001 CON.

On 14 April 2003, GHHS filed a new application for a CON to build what it characterized as a complete replacement hospital in Lillington. The Agency denied this application. On 10 September 2004, the Department denied GHHS's application in a final agency decision. GHHS appealed this decision in a separate appeal. *See Good Hope Health Sys., L.L.C. v. N.C. Dep't of Health and Human Servs.*, 175 N.C. App. 296, 623 S.E.2d 307 (2006).

## Exemption Notice

By letter dated 21 August 2003, GHHS notified the Agency that it proposed to acquire Good Hope Hospital and develop a replacement

GOOD HOPE HOSP., INC. v. N.C. DEP'T OF HEALTH & HUMAN SERVS.

[175 N.C. App. 309 (2006)]

hospital in Lillington. GHHS asserted it was exempt from CON review pursuant to N.C. Gen. Stat. § 131E-184. GHHS gave its notice of exemption while its second application for a CON was pending. On 11 December 2003, the Agency denied GHHS's exemption request. GHHS filed a petition for contested case hearing on 12 January 2004 with OAH. In its petition, GHHS alleged the Agency erred in refusing to recognize its proposal to replace its existing hospital as exempt from CON review under N.C. Gen. Stat. § 131E-184. The administrative law judge (ALJ) allowed motions to intervene by the Town of Lillington, Betsy Johnson, and Amisub of North Carolina, Inc. On 2 August 2004, the ALJ issued a recommended decision to grant summary judgment against GHHS. On 1 November 2004, the Department issued its Final Agency Decision, determining GHHS's proposal was not exempt under N.C. Gen. Stat. § 131E-184. GHHS appealed.

## Argument

In GHHS's first argument, it contends the Department improperly granted summary judgment against it because it erred in applying N.C. Gen. Stat. § 131E-184. We disagree.

## Standard of Review

In determining whether an agency erred in interpreting a statute, this Court employs a *de novo* standard of review. *Chesapeake Microfilm v. N.C. Dept. of E.H.N.R.*, 111 N.C. App. 737, 744, 434 S.E.2d 218, 221 (1993). We also review the grant of summary judgment *de novo. Stafford v. County of Bladen*, 163 N.C. App. 149, 151, 592 S.E.2d 711, 713, *disc. review denied*, 358 N.C. 545, 599 S.E.2d 409 (2004).

## Analysis

A certificate of need (CON) is required before an entity can develop a "new institutional health service" as defined in N.C. Gen. Stat. § 131E-176(16). This includes building a new hospital. However, the CON law exempts certain projects that would otherwise be subject to CON review if they fit within any of the listed grounds contained in N.C. Gen. Stat. § 131E-184. Any part of the project which does not fit within an exempt purpose remains subject to the statutory prerequisite of CON review and approval. N.C. Gen. Stat. § 131E-184(b).

When interpreting a statute, we must apply the rules of statutory construction. *Campbell v. Church*, 298 N.C. 476, 484, 259 S.E.2d 558, 564 (1979). The principal rule of statutory construction is that the

GOOD HOPE HOSP., INC. v. N.C. DEP'T OF HEALTH & HUMAN SERVS.

[175 N.C. App. 309 (2006)]

legislature's intent controls. *Id.* That intent "may be inferred from the nature and purpose of the statute, and the consequences which would follow, respectively, from various constructions." *Alberti v. Manufactured Homes, Inc.*, 329 N.C. 727, 732, 407 S.E.2d 819, 822 (1991). "A court should always construe the provisions of a statute in a manner which will tend to prevent it from being circumvented," otherwise, the problems which prompted the statute's passage would not be corrected. *Campbell*, 298 N.C. at 484, 259 S.E.2d at 564. In addition, statutory exceptions must be narrowly construed. *Publishing Co. v. Board of Education*, 29 N.C. App. 37, 47, 223 S.E.2d 580, 586 (1976). The party seeking the benefit of the exception bears the burden of establishing that they fit squarely within the exception. *Id.* In addition, "the interpretation of a statute given by the agency charged with carrying it out is entitled to great weight." *Frye Reg'l Med. Ctr. v. Hunt*, 350 N.C. 39, 45, 510 S.E.2d 159, 163 (1999) (citations and internal quotation marks omitted).

"[T]he overriding legislative intent behind the CON process, [is the] regulation of major capital expenditures which may adversely impact the cost of health care services to the patient." *Cape Fear Mem. Hosp. v. N.C. Dept. of Human Resources*, 121 N.C. App. 492, 494, 466 S.E.2d 299, 301 (1996) (citing N.C. Gen. Stat. §§ 131E-175(1)-(2), (4) and (6)-(7)). *See also In re Denial of Request by Humana Hosp. Corp.*, 78 N.C. App. 637, 646, 338 S.E.2d 139, 145 (1986). To achieve this goal, the CON law was enacted to "limit the construction of health care facilities in this state to those that the public needs and that can be operated efficiently and economically for [the public's] benefit." *In re Humana Hosp. Corp. v. N.C. Dept. of Human Resources*, 81 N.C. App. 628, 632, 345 S.E.2d 235, 237 (1986). Thus, any entity proposing any "new institutional health services" within this state is subject to review "as to need, cost of service, accessibility to services, quality of care, feasibility, and other criteria . . . ." N.C. Gen. Stat. § 131E-175(7).

In its notice of exemption, GHHS asserted it was entitled to an exemption from CON review pursuant to N.C. Gen. Stat. § 131E-184(a)(1) to eliminate or prevent imminent safety hazards and under (1a) to comply with state licensure standards. However, in applying the above stated principles of statutory construction, we find there is only one provision in the exemption statute, N.C. Gen. Stat. § 131E-184(a)(5), that allows the replacement of an entire facility, and then only "[t]o replace or repair facilities destroyed or damaged by accident or natural disaster."

GOOD HOPE HOSP., INC. v. N.C. DEP'T OF HEALTH & HUMAN SERVS.

[175 N.C. App. 309 (2006)]

"Under the doctrine of *expressio unius est exclusio alterius*, the mention of specific exceptions implies the exclusion of others." *Campbell*, 298 N.C. at 482, 259 S.E.2d at 563. Thus, the legislature's specific reference to replacement of a facility in section (a)(5) demonstrates its intent that replacement of an entire facility is not available under any other exemption contained in the statute. This interpretation is further supported by the rule of statutory construction that exemptions must be construed narrowly. Notably, another provision, section (a)(7), in the exemption statute allows for replacement, but of medical equipment. N.C. Gen. Stat. § 131E-184(a)(7). However, the replacement of such equipment is not conditioned on its destruction or damage due to accident or natural disaster, as is required in section (a)(5). This inclusion of limiting language for replacement facilities and the omission of any such language for replacement equipment further supports that the legislature meant to impose an express limitation on circumstances when replacement facilities are exempt from CON review.

As noted previously, legislative intent may also be inferred from the "consequences which would follow, respectively, from various constructions." *Alberti*, 329 N.C. at 732, 407 S.E.2d at 822. "[W]here a literal interpretation of the language of a statute will lead to absurd results, or contravene the manifest purpose of the Legislature, as otherwise expressed, the reason and purpose of the law shall control and the strict letter thereof shall be disregarded." *Frye*, 350 N.C. at 45, 510 S.E.2d at 163. If this Court were to interpret this statute as broadly as appellants suggest, the exception would swallow the rule. In addition, the SMFP, while recognizing what an important resource hospitals are in this state—not only for healthcare, but also for employment and economic development in their communities, states "[e]ven so, it is not the State's policy to guarantee the survival and continued operation of all the State's hospitals or even any one of them." To allow Good Hope to build a entirely new facility without requiring it to comply with CON review simply because it has reached the end of its useful life would in effect grant it a franchise right to perpetual operation. Our legislature has expressly declined to allow such a result.

Most importantly, if this Court were to interpret section (a)(1), (a)(1a), or any other provision contained in N.C. Gen. Stat. § 131E-184 as allowing the replacement of an entire facility, this would contravene the legislature's purpose in enacting the CON law. Undoubtedly, the total replacement of a facility involves substantial capital expenditures. The primary purpose of the CON law is

GOOD HOPE HOSP., INC. v. N.C. DEP'T OF HEALTH & HUMAN SERVS.

[175 N.C. App. 309 (2006)]

to regulate major capital expenditures to prevent an adverse impact on the cost of health care services to patients. *Cape Fear*, 121 N.C. App. at 494, 466 S.E.2d at 301.

Our decision is in accord with the legislature's purpose and intent in enacting the CON law. We interpret N.C. Gen. Stat. § 131E-184 to allow for the total replacement of a health service facility in only one instance, where the facility is destroyed or damaged by natural disaster or accident. This interpretation adheres to the purpose of the CON law, "to control the cost, utilization, and distribution of health services and to assure that the less costly and more effective alternatives are made available." *Humana*, 78 N.C. App. at 646, 338 S.E.2d at 145 (citing N.C. Gen. Stat. § 131E-175(1)-(7) and § 131E-181(a)(4)).

Good Hope was not destroyed or damaged by accident or natural disaster. Thus, the Department did not err in determining GHHS was not exempt from CON review. As a result, we need not review GHHS's remaining arguments.

AFFIRMED.

Judge GEER concurs.

Judge TYSON dissents in separate opinion.

TYSON, Judge dissenting.

The majority's opinion cites to *Campbell v. Church* and argues the principal rule of statutory construction is the legislature's purpose and intent controls. 298 N.C. 476, 484, 259 S.E.2d 558, 564 (1979). The majority's opinion also cites to *Cape Fear Mem. Hospital v. N.C. Dept. of Human Resources* and contends the legislative intent behind the CON review process is "the regulation of major capital expenditures which may adversely impact the cost of health care services to the patient." 121 N.C. App. 492, 494, 466 S.E.2d 299, 301 (1996) (citing N.C. Gen. Stat. §§ 131E-174(1)-(2), (4), and (6)-(7)). While I certainly agree that the legislature's purpose and intent controls our interpretation of the statute, the majority's opinion misapplies the statute and ignores others. By limiting the right to an exemption from CON review to solely one provision in the exemption statute, N.C. Gen. Stat. § 131E-184(a)(5), the Department and the majority's opinion overlook the plain language of Section (1), (1a), and (1b). I respectfully dissent.

GOOD HOPE HOSP., INC. v. N.C. DEP'T OF HEALTH & HUMAN SERVS.

[175 N.C. App. 309 (2006)]

## I.  Issues

GHHS argues the Department: (1) improperly granted summary judgment against it because N.C. Gen. Stat. § 131E-184 grants an exemption for their replacement hospital, which was proposed to eliminate "imminent safety hazards" as defined in life safety codes, comply with state and federal licensure standards, and comply with medicare certification standards; (2) erred in determining that its written notice and explanation were not sufficient to warrant an exemption; and (3) unconstitutionally applied the exemption statute to deprive it of its right to use its existing facility.

## II.  Standard of Review

N.C. Gen. Stat. § 131E-188(b) (2003) provides:

> Any affected person who was a party in a contested case hearing shall be entitled to judicial review of all or any portion of any final decision of the Department in the following manner. The appeal shall be to the Court of Appeals as provided in G.S. 7A-29(a).

"On judicial review of an administrative agency's final decision, the substantive nature of each assignment of error dictates the standard of review." *North Carolina Dep't of Env't and Natural Res. v. Carroll*, 358 N.C. 649, 658, 599 S.E.2d 888, 894 (2004) (citation omitted). "If the party asserts the agency's decision was affected by a legal error, *de novo* review is required; if the party seeking review contends the agency decision was not supported by the evidence, or was arbitrary or capricious, the whole record test is applied." *Christenbury Surgery Ctr. v. N.C. Dep't of Health and Human Servs.*, 138 N.C. App. 309, 312, 531 S.E.2d 219, 221 (2000). "[T]his Court reviews the agency's findings and conclusions de novo when considering alleged errors of law." *Cape Fear Mem. Hosp. v. N.C. Dept. of Human Resources*, 121 N.C. App. 492, 493, 466 S.E.2d 299, 300 (1996) (citing *Walker v. N.C. Dept. of Human Resources*, 100 N.C. App. 498, 502, 397 S.E.2d 350, 354 (1990), *disc. review denied*, 328 N.C. 98, 402 S.E.2d 430 (1991)).

## III.  Summary Judgment and Exemption from CON Review

GHHS argues the Department improperly granted summary judgment against it because N.C. Gen. Stat. § 131E-184 grants an exemption for their replacement hospital, which was proposed to eliminate "imminent safety hazards" as defined in life safety codes, to comply

GOOD HOPE HOSP., INC. v. N.C. DEP'T OF HEALTH & HUMAN SERVS.

[175 N.C. App. 309 (2006)]

with state licensure standards, and to comply with federal medicare certification standards. I agree.

> In a motion for summary judgment, the movant has the burden of establishing that there are no genuine issues of material fact. The movant can meet the burden by either: 1) Proving that an essential element of the opposing party's claim is nonexistent; or 2) Showing through discovery that the opposing party cannot produce evidence sufficient to support an essential element of his claim nor [evidence] sufficient to surmount an affirmative defense to his claim.

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

*Hines v. Yates*, 171 N.C. App. 150, 157, 614 S.E.2d 385, 389 (2005) (internal quotation and citation omitted).

The ALJ reversed the Agency's decision disapproving GHHS's 2003 application and ruled that "a CON be issued for the construction of a replacement hospital in Lillington, NC as proposed in the application." Following the ALJ's decision, Good Hope wrote a letter to the Agency and explained that GHHS planned to acquire Good Hope and develop a replacement hospital in Lillington. In the letter, Good Hope contended the project was exempt from CON review pursuant to N.C. Gen. Stat. § 131E-184(a)(1), (a)(1a), and (a)(1b) which provide:

> (a) Except as provided in subsection (b), *the Department shall exempt from certificate of need review* a new institutional health service if it receives prior written notice from the entity proposing the new institutional health service, which notice includes an explanation of why the new institutional health service is required, *for any of the following*:
>
> (1)  To eliminate or prevent imminent safety hazards as defined in federal, State, or local fire, building, or life safety codes or regulations.
>
> (1a)  To comply with State licensure standards.

GOOD HOPE HOSP., INC. v. N.C. DEP'T OF HEALTH & HUMAN SERVS.

[175 N.C. App. 309 (2006)]

(1b) To comply with accreditation or certification standards which must be met to receive reimbursement under Title XVII of the Social Security Act or payments under a State plan for medical assistance approved under Title XIX of that act.

(Emphasis supplied).

The Agency informed GHHS that its project was not exempt from CON review. The Department's final agency decision reversed the ALJ's recommended decision and affirmed the Agency's decision disapproving GHHS's CON application.

Following the final agency decision, GHHS moved for summary judgment based on N.C. Gen. Stat. § 131E-184(a)(1b), which states, "[t]o comply with accreditation or certification standards which must be met to receive reimbursement under Title XVIII of the Social Security Act or payments under a State plan for medical assistance approved under Title XIX of that act." The chief ALJ entered summary judgment against GHHS. The final agency decision affirmed summary judgment in favor of the Department. The final agency decision concluded, "now that it has been adjudicated that GHHS should receive a CON to develop a replacement hospital, Good Hope cannot now show that its proposed project is required."

GHHS appeals from the Department's final agency decision granting summary judgment in favor of the Agency. GHHS argues it submitted uncontradicted evidence that is sufficient to prove GHHS is exempt from CON review and is entitled to summary judgment. N.C. Gen. Stat. § 1A-1, Rule 56 (2005). The Agency does not dispute the fact that the facility must be replaced, must comply with health and safety codes, and must maintain its certifications and licenses in order to continue to operate. GHHS contends summary judgment should be reversed because it provided evidence of an exempt purpose.

GHHS presented undisputed evidence acknowledging the dilapidated condition of Good Hope Hospital, as well as photographs and inspections documenting the deficiencies. GHHS's evidence included findings of state and federal agencies that identified the major categories of physical and environmental deficiencies throughout the facility. The evidence included a letter from the Centers for Medicare and Medicaid Services to Good Hope that stated:

GOOD HOPE HOSP., INC. v. N.C. DEP'T OF HEALTH & HUMAN SERVS.

[175 N.C. App. 309 (2006)]

we have determined that your facility does not comply with the provisions of the National Fire Protection Association's Life Safety Code. These deficiencies form the basis for our determination of noncompliance with the Condition of Participation pertaining to Physical Environment (reference: 42 CFR 482.41) and Medicare Health Safety regulations for hospitals.

GHHS submitted with its notice of exemption a letter from the Director of Harnett County Emergency Services Department. The letter stated, "It is our opinion that the report prepared by C. Ross Architecture L.L.C. and L.C. Thomasson Associates, Inc. accurately summarizes the *imminent safety hazards* at Good Hope Hospital as defined by Federal, State, and Local fire and safety codes." (Emphasis supplied). N.C. Gen. Stat. § 131E-184(a)(1) provides GHHS with an exemption from CON review. The facility suffers "imminent safety hazards" and must be replaced. N.C. Gen. Stat. § 131E-184(a)(1).

The majority's opinion interprets N.C. Gen. Stat. § 131E-184 narrowly and limits exemptions for replacement of a facility solely to Section (5), "[t]o replace or repair facilities destroyed or damaged by accident or natural disaster." N.C. Gen. Stat. § 131E-184(a)(5). The majority's opinion cites to *Alberti v. Manufactured Homes, Inc.* and argues legislative intent may be inferred from the "consequences which would follow, respectively, from various constructions." 329 N.C. 727, 732, 407 S.E.2d 819, 822 (1991).

In *Alberti*, the plaintiffs sought to revoke their acceptance of goods from a remote manufacturer with whom they had no contractual relationship. 329 N.C. at 732, 407 S.E.2d at 822. Our Supreme Court relied on Article 2 of the Uniform Commercial Code to define "buyer" and "seller." *Id.* The Court stated, "[i]n determining whether remote manufacturers are generally 'sellers' against whom a consumer may revoke acceptance, the legislature's inclusions and omissions in its definition of 'seller' are instructive as to its intent." *Id.* at 734, 407 S.E.2d at 823. The Court held that the manufacturer was not a seller. *Id.*

Here, N.C. Gen. Stat. § 131E-184, entitled, "Exemptions from review," provides in Section (a)(1) "the Department *shall* exempt from certificate of need review . . . ." and lists nine separate and distinct exemptions from CON review. (Emphasis supplied). The first exemption is to "eliminate or prevent imminent safety hazards." N.C. Gen. Stat. § 131E-184(a)(1). If the "new institutional health service" must be renovated or replaced to "eliminate or prevent imminent

GOOD HOPE HOSP., INC. v. N.C. DEP'T OF HEALTH & HUMAN SERVS.

[175 N.C. App. 309 (2006)]

safety hazards," the statute provides an exemption from CON review. *Id.* N.C. Gen. Stat. § 131E-184(a)(5) identifies a separate and distinct exemption for when a facility must be replaced due to damage from a natural disaster or accident. All parties agree, and the undisputed evidence shows, Good Hope suffers from "imminent safety hazards." Good Hope is a ninety-year old facility that originated in a residential structure. Undisputed evidence also shows that renovation of the existing structure to comply with present local, state, and federal safety and licensure requirements, cannot be accomplished without demolishing the existing structure. N.C. Gen. Stat. § 131E-184(a)(1) expressly provides GHHS an exemption from CON review.

## IV.  Conclusion

GHHS presented substantial and undisputed evidence to prove its right to an exemption from CON review in order "to eliminate or prevent imminent safety hazards," or to maintain licensure standards, or comply with accreditation, or certification standards to receive entitlement reimbursements. N.C. Gen. Stat. § 131E-184(a)(1), (1a), and (1b). The language of the statute is mandatory on the Agency. "[T]he legislature clearly did not intend to impose unreasonable limitations on maintaining, or expanding, presently offered health services." *Cape Fear Mem. Hosp.*, 121 N.C. App. at 494, 466 S.E.2d at 301 (citations omitted).

The final agency decision erroneously granted summary judgment for the Department and against GHHS. GHHS provided substantial and undisputed evidence of its right to statutory exemption(s) to survive the Department's motion. The exemptions for replacement of a facility under N.C. Gen. Stat. § 131E-184(5) are not limited solely to "replace or repair facilities destroyed or damaged by accident or natural disaster." Deterioration and demolition of an aged facility with an 100 year old residential structure at its core, together with evolving standards required of health care facilities, are no less destructive than a fire, flood, or tornado. Summary judgment in favor of the Agency should be reversed, and remanded for issuance of the CON in accordance with the decision of the ALJ. I respectfully dissent.