GENERAL MOTORS CORP. v. CAROLINA TRUCK & BODY CO.

[102 N.C. App. 349 (1991)]

———————

GENERAL MOTORS CORPORATION, PETITIONER v. CAROLINA TRUCK & BODY COMPANY, INC., RESPONDENT

No. 9010SC692

(Filed 19 March 1991)

**Administrative Law § 55 (NCI4th)— case won by petitioner— petitioner not aggrieved party—appeal dismissed**

Petitioner was not an aggrieved party and its appeal is therefore dismissed where it sought a review of the ruling by the Commissioner of Motor Vehicles that the Heavy Duty Truck Addendum to the sales and service agreement between the parties constituted a franchise; the trial court concluded that the termination of the addendum amounted to the termination of a franchise; and petitioner's rights were in no way adversely affected.

**Am Jur 2d, Appeal and Error §§ 179, 184.**

APPEAL by petitioner from judgment entered 29 March 1990 in WAKE County Superior Court by *Judge F. Gordon Battle*. Heard in the Court of Appeals 14 January 1991.

This is a companion case to *Carolina Truck & Body Company, Inc. v. General Motors Corporation*, 102 N.C. App. 262, 402 S.E.2d 135 (1991), also filed this day. We will summarize only those facts necessary to resolve petitioner's appeal.

GENERAL MOTORS CORP. v. CAROLINA TRUCK & BODY CO.

[102 N.C. App. 349 (1991)]

Respondent filed an action before the North Carolina Commissioner of Motor Vehicles alleging that petitioner "wrongfully and unfairly" terminated its heavy duty truck franchise in violation of N.C. Gen. Stat. § 20-305. The Commissioner ruled in petitioner's favor by order dated 20 March 1989, concluding that petitioner's actions were undertaken with good cause and in good faith. Respondent appealed these conclusions to Buncombe County Superior Court on 20 April 1989. Petitioner had filed a separate appeal in Wake County Superior Court on 19 April 1989, praying for a limited review of the findings of fact and the conclusion of law stating that the Heavy Duty Truck addendum to the sales and service agreement between the parties constituted a franchise.

Each petition for review was heard in the county in which it was filed. The trial court in this action reviewed the record and denied petitioner's appeal, concluding that the termination of the addendum amounted to the termination of a franchise.

*Poyner & Spruill, by Cecil W. Harrison, Jr. and Laura Broughton Russell, for petitioner-appellant.*

*Roberts Stevens & Cogburn, P. A., by Frank P. Graham and W. O. Brazil, III, for respondent-appellee.*

WELLS, Judge.

The decision of the Motor Vehicles Commissioner on the termination of a franchise is reviewable pursuant to Chapter 150B of the General Statutes. N.C. Gen. Stat. § 20-305(6). N.C. Gen. Stat. § 150B-43 provides that "any person who is aggrieved" may petition for judicial review of a final agency decision. A "person aggrieved" is any person or group of persons whose rights have been adversely affected. *Matter of Wheeler*, 85 N.C. App. 150, 354 S.E.2d 374 (1987).

We can think of no way in which petitioner's rights were adversely affected by the agency decision. It won its case. We have considered petitioner's claim that it was attempting to preserve a cross-assignment of error but note that the Commissioner's decision in petitioner's favor was upheld both in the trial court and by this Court. Petitioner is not a party aggrieved. This appeal is therefore

Dismissed.

Chief Judge HEDRICK and Judge ORR concur.