**CHRISTENBURY SURGERY CTR. v. N.C. DEP'T OF HEALTH & HUMAN SERVS.**

[138 N.C. App. 309 (2000)]

CHRISTENBURY SURGERY CENTER, Petitioner v. NORTH CAROLINA DEPART-
MENT OF HEALTH AND HUMAN SERVICES, DIVISION OF FACILITY SERVICES,
Respondent

No. COA99-871

(Filed 6 June 2000)

**1. Administrative Law— certificate of need—standard of review by trial court**

The trial court applied the correct standards of review when considering a petitioner's contention that a declaratory agency ruling was affected by an error of law and was arbitrary and capricious in that the court applied a de novo standard to the contention that the ruling was affected by an error of law, and considered the agency record in determining that there was no rational basis for the ruling.

**2. Hospitals and Other Medical Facilities— ambulatory surgical facility—certificate of need—second site**

The trial court correctly reversed the Department of Health & Human Services' ruling requiring petitioner to obtain a new certificate of need before developing ambulatory surgical facilities at a second site within its service area. The relocation and expansion of a portion of petitioner's ambulatory surgical program to a second location within the service area for which petitioner already holds a certificate of need does not fall within the definition of a "new institutional health service" as contained in N.C.G.S. § 131E-176(16) and does not require a second certificate of need. The statutes governing licensure of ambulatory surgical facilities and those governing certificates of need for new institutional health services are independent provisions and petitioner is not required to obtain a separate certificate of need because it must obtain a separate license.

Appeal by respondent from decision entered 19 April 1999 by Judge Stafford G. Bullock in Wake County Superior Court. Heard in the Court of Appeals 26 April 2000.

*Parker, Poe, Adams & Bernstein, L.L.P., by Renee J. Montgomery and Russell B. Killen, for petitioner-appellee.*

*Attorney General Michael F. Easley, by Assistant Attorney General Melissa L. Trippe, for respondent-appellant.*

CHRISTENBURY SURGERY CTR. v. N.C. DEP'T OF HEALTH & HUMAN SERVS.

[138 N.C. App. 309 (2000)]

MARTIN, Judge.

Petitioner, Christenbury Surgical Center (the "Center"), is a licensed multi-specialty ambulatory surgical facility located at 449 North Wendover Road, Charlotte, North Carolina, and received a Certificate of Need to develop and operate a multi-specialty ambulatory surgical facility in 1992. On 6 October 1998, the Center filed a Request For Declaratory Ruling from the Division of Facility Services of the Department of Health and Human Services (the "Department") requesting a ruling that the Center "can operate in more than one location under one license and that the location of some of its operating rooms and ancillary space at a second site within its service area does not require a Certificate of Need." As applicable to this appeal, the Request for Declaratory Ruling required that the Department apply the provisions of G.S. Chapter 131E, Article 9 (Certificate of Need) to the following facts:

> Christenbury Surgery Center proposes to develop additional operating rooms, a recovery room, and necessary ancillary space by leasing space at a location in Charlotte different from the location of its main facility on North Wendover Drive in Charlotte. The use of this additional space at a different location is necessary because there is insufficient space on North Wendover Drive for the facility's needed expansion and relocation of the entire facility would be too expensive. . . .

> The additional space that The Center proposes to lease for use of its facility will be located in Charlotte and will be operated as part of Christenbury Surgery Center. The cost of expanding into this additional space will be less than $2 million and will not involve the acquisition of major medical equipment.

> The two locations will be operated as one ambulatory surgical center, with the same ownership and administration, policies and procedures, accounting system, and billing system. The administrator of the Center will be responsible for both locations, and employees at both locations will be employees of the Center. The roster of medical personnel having surgical and anesthesia privileges at the Center will be the same at both locations. The nursing department will be under the supervision of one director of nursing and at least one registered nurse will be at each location during the hours it is in operation. Each location will meet all requirements of 10 N.C.A.C. 3Q.1400, et seq. Regarding physical plant requirements. Both locations will provide the necessary

CHRISTENBURY SURGERY CTR. v. N.C. DEP'T OF HEALTH & HUMAN SERVS.

[138 N.C. App. 309 (2000)]

equipment and trained personnel to handle emergencies. The quality assurance committee for the facility will be the same at both locations.

The Department issued its Declaratory Ruling requiring the Center to obtain (1) a separate license for each location at which it offered an ambulatory surgical program, and (2) a certificate of need before it developed additional operating room, recovery room, and ancillary space at a second site within its service area. The Center petitioned for judicial review of the Department's Declaratory Ruling, contending the Department's ruling was contrary to law, in excess of its statutory authority, and arbitrary and capricious.

Upon review, the superior court affirmed the Department's ruling that the Center must obtain a separate license for each location at which it operates an ambulatory surgical program, but ruled that the Department had exceeded its statutory authority, had erred as a matter of law, and had acted arbitrarily and capriciously in ruling that the Center must obtain a certificate of need before it develops additional facilities at a second site within its service area. The superior court reversed the Department's Declaratory Ruling requiring the Center to obtain a new certificate of need before developing the second site. The Department appeals.

---

The only matter before this Court is the Department's ruling that the Center must obtain a new certificate of need before developing additional ambulatory surgical facilities at a second site within its service area. The Center has not appealed from the superior court's decision affirming the Department's ruling that it must obtain an additional license to operate the second site. For the reasons stated herein, we affirm the decision of the superior court and hold the Center is not required to obtain an additional certificate of need before developing additional operating room, recovery room, and necessary ancillary space at a second site within its service area.

[1] An appellate court's review of a superior court order regarding an administrative decision consists of examining the superior court order for errors of law; i.e. determining first whether the superior court utilized the appropriate scope of review and, second, whether it did so correctly. *In re Declaratory Ruling by North Carolina Com'r of Ins.*, 134 N.C. App. 22, 517 S.E.2d 134, *disc. review denied*, 351 N.C. 105, —— S.E.2d —— (1999) (citing *Act-Up Triangle v. Com'n for Health Service*, 345 N.C. 699, 483 S.E.2d 388 (1997)). The nature of

CHRISTENBURY SURGERY CTR. v. N.C. DEP'T OF HEALTH & HUMAN SERVS.

[138 N.C. App. 309 (2000)]

the error asserted by the party seeking review of the agency decision dictates the proper scope of review. If the party asserts the agency's decision was affected by a legal error, *de novo* review is required; if the party seeking review contends the agency decision was not supported by the evidence, or was arbitrary or capricious, the whole record test is applied. *Id.* Where the issue raised is one of statutory interpretation, the reviewing court is not bound by the agency's interpretation of the statute, although some deference is traditionally afforded the agency interpretation. *Brooks v. McWhirter Grading Co., Inc.*, 303 N.C. 573, 281 S.E.2d 24 (1981).

In this case, the Center alleged both that the Department's decision was affected by error of law, G.S. § 150B-51(b)(2)&(4), and that it was arbitrary and capricious, G.S. § 150B-51(b)(6). The superior court's decision indicated that the court applied a *de novo* standard of review in considering the Center's contention that the declaratory ruling was affected by error of law and was in excess of the Department's statutory authority, and that it considered the agency record in determining that there was no rational basis for the Department's ruling so that it was arbitrary and capricious. Thus, we conclude the superior court utilized the correct standards of review.

[2] Initially, we review the superior court's determination that the Department exceeded its statutory authority and erred as a matter of law when it declared that the Center would be required to obtain a new certificate of need to utilize additional space for an ambulatory surgical center at a second location within its service area. G.S. § 131E-178(a) provides, in pertinent part: "[n]o person shall offer or develop a **new institutional health service** without first obtaining a certificate of need from the Department . . . " (emphasis added). As relevant to this case, the term "new institutional health service" is defined by G.S. § 131E-176(16) to include "[t]he construction, development, or other establishment of a new health service facility," N.C. Gen. Stat. § 131-176(16)(a); "[t]he obligation by any person of a capital expenditure exceeding two million dollars ($2,000,000) to develop or expand a health service or a health service facility, or which relates to the provision of a health service," N.C. Gen. Stat. § 131E-176(16)(b); and "[t]he acquisition by purchase, donation, lease, transfer, or comparable arrangement by any person of major medical equipment," N.C. Gen. Stat. § 131E-176(16)(p).

The relocation and expansion of a portion of its ambulatory surgical program to a second location within the service area for which

CHRISTENBURY SURGERY CTR. v. N.C. DEP'T OF HEALTH & HUMAN SERVS.

[138 N.C. App. 309 (2000)]

the Center already holds a certificate of need does not fall within the definition of a "new institutional health service" as contained in G.S. § 131E-176(16). The Center already operates an ambulatory surgical program at its principal location on North Wendover Road in Charlotte; the second site will continue to be operated as a part of the Center with the same ownership, administrative organization, and utilizing the same professional policies and personnel. As proposed by the Center in its Request for Declaratory Ruling, the development of the additional space would cost less than two million dollars and would not involve the acquisition of major medical equipment as defined by G.S. § 131E-176(14)(f). Thus, the Center's proposal is not a "new institutional health service" requiring a certificate of need, rather it is an expansion of an existing health service facility within the limitations permitted by the statutes which does not require a second certificate of need.

The Department contends, however, that the Ambulatory Surgical Facility Licensure Act, G.S. § 131E-145 *et seq.*, and the certificate of need statute, G.S. § 131E-175 *et seq.*, must be construed together. Thus, it contends, because the Center must obtain a separate license, pursuant to G.S. § 131E-147(d), to operate an ambulatory surgical facility at the second site, it must also obtain a separate certificate of need. We disagree. The statutes governing licensure of ambulatory surgical facilities and those governing certificates of need for new institutional health services are independent provisions; we find no provision in the certificate of need law which would indicate a legislative intent to make the requirement for a certificate of need dependent upon the requirement for a license. Indeed, the certificate of need law, as applicable to this case, requires a certificate of need for "new health services" or "health service facilities" as defined by G.S. § 131E-176(16), while the licensure statute requires licensure for "premises and persons." N.C. Gen. Stat. § 131E-147(d)&(e).

Therefore, we agree with the superior court that the Department exceeded its statutory authority and erred as a matter of law in ruling that the Center is required to obtain a separate certificate of need to develop additional operating rooms, a recovery room, and necessary ancillary space at a second site within the service area for which it already holds a certificate of need.

The superior court also determined that the Department's declaratory ruling "indicated a lack of fair and careful consideration" and was, therefore, arbitrary and capricious because it was directly

contrary to an earlier declaratory ruling by the Department in which it determined that a proposal by Forsyth Memorial Hospital to relocate a portion of its ambulatory surgical facility in Winston-Salem to a second site in Kernersville did not require an additional certificate of need. In view of our decision that the Department's declaratory ruling in this case was affected by error of law and in excess of its statutory authority, we need not determine whether such declaratory ruling was also arbitrary and capricious.

The decision of the superior court reversing the Department's declaratory ruling requiring the Center to obtain an additional certificate of need for the proposed expansion of its ambulatory surgical facility is affirmed.

Affirmed.

Judges LEWIS and WALKER concur.