CHARLOTTE-MECKLENBURG HOSP. AUTH. v. BRUTON

[145 N.C. App. 190 (2001)]

No. COA00-743

(Filed 17 July 2001)

## 1. Administrative Law— declaratory ruling—underlying cases previously decided—ruling undesirable

The trial court did not err by affirming a final agency decision by the North Carolina Department of Health and Human Services (DHHS) declining to issue a declaratory ruling regarding Medicaid coverage for aliens where DHHS had previously decided the actual cases from which petitioners drew their facts. The APA requires agencies to issue declaratory rulings to aggrieved parties as to the validity of a rule or the applicability of a set of facts, with an exception when the agency for good cause finds the issuance of a ruling undesirable. Respondents in this case believed that ruling on two cases upon which it had already ruled would be a waste of resources; this clearly constitutes good cause.

## 2. Appeal and Error— preservation of issues—issues not raised at trial—issues not assigned as error

Issues not before the trial court and not assigned as error were not considered.

Appeal by petitioners from judgment entered 19 April 2000 by Judge Stafford G. Bullock in Wake County Superior Court. Heard in the Court of Appeals 19 April 2001.

*Turner, Enochs & Lloyd, P.A., by Melanie M. Hamilton, Thomas E. Cone, and Wendell H. Ott, for petitioner-appellants.*

*Michael F. Easley, Attorney General, by Grady L. Balentine, Jr., Assistant Attorney General, for the respondent-appellees.*

THOMAS, Judge.

Petitioners, Charlotte-Mecklenburg Hospital Authority, Duke University Medical Center, Mission-St. Joseph's Health System, Inc., Moses Cone Health System, the North Carolina Baptist Hospitals, Inc., and Wake Medical Center, appeal from the trial court's order affirming the respondents' decision to decline issuing a declaratory ruling. Petitioners set forth one assignment of error. For the reasons discussed herein, we affirm the trial court.

The facts are as follows: Petitioners are medical service providers whose patients include legal aliens here on a temporary visa who experience emergency medical conditions. Respondent, the North Carolina Department of Health and Human Services (DHHS), Division of Medical Assistance (DMA), has denied Medicaid coverage for the aliens because they are in North Carolina on currently unexpired visas. The denial of Medicaid coverage at issue is based on DHHS's policy, set out in two manuals published by DMA: the North Carolina Family and Children's Medicaid Manual (MAF Manual) and the North Carolina Aged, Blind and Disabled Medicaid Manual (MABD Manual). The relevant language of the MAF Manual reads:

> Non-immigrants may be legally admitted to the U.S., but only for a temporary or specified period of time. These aliens are **NOT ELIGIBLE for full Medicaid or emergency medical services** because they do not meet the N.C. residency requirement.
>
> > NOTE: An alien admitted for a limited period of time who does not leave the U.S. when the period of time expires becomes an illegal alien. If he then establishes N.C. residency, he may be eligible for emergency Medicaid only.

The North Carolina Family and Children's Medicaid Manual § 3404 (III.E.3) (emphasis in original). The relevant language contained in the MABD Manual is identical. *See* The North Carolina Aged, Blind & Disabled Medicaid Manual § 2504 (III.E.3).

On 29 March 1999, petitioners filed a petition with DHHS, requesting a declaratory ruling that the provisions contained in the two manuals referenced above are: (a) inconsistent with superior federal and state law and regulations; (b) unenforceable because they have not been properly promulgated in accordance with the North Carolina Administrative Procedure Act; and (c) invalid, void, and of no effect. As part of their petition, petitioners offered factual scenarios of two aliens whose applications for Medicaid coverage had been denied.

On 27 May 1999, DHHS sent a letter to petitioners informing them of its refusal to issue a declaratory ruling. The reason given was that the factual situations upon which petitioners based their request are actual cases DHHS already decided in two separate administrative hearings. On 21 June 1999, petitioners then filed a Petition for Judicial Review in Wake County Superior Court challenging DHHS's decision not to issue a declaratory ruling. The trial court affirmed DHHS's decision on 19 April 2000. From this order petitioners appeal.

[1] By their only assignment of error, petitioners argue the trial court erred in affirming the final agency decision declining to issue a declaratory ruling. We disagree.

The North Carolina Administrative Procedure Act (APA) establishes a uniform system of administrative adjudicatory procedures for North Carolina agencies, including DHHS. N.C. Gen. Stat. § 150B-1 *et seq.* (1986). The APA requires agencies to issue declaratory rulings to aggrieved parties as to the validity of a rule, or the applicability of a set of facts to a statute administered by the agency or of a rule or order of the agency. *Id.* at § 150B-4(a). An exception to that requirement is when the agency for good cause finds the issuance of a ruling undesirable. *Id.* Additionally, the APA requires each agency to prescribe in its rules the circumstances in which declaratory rulings shall or shall not be issued. *Id.* Thus, pursuant to the APA's mandate, DHHS adopted in its rules the following provision: Whenever the Secretary [of DHHS] or his designee believes for good cause that the issuance of a declaratory ruling is undesirable, he may refuse to issue one. 10 N.C. Admin. Code tit. 10, r. 1B.0108(c) (Nov. 1989).

In the instant case, respondents believed the issuance of a declaratory ruling was undesirable because the two factual situations upon which petitioners based their request for a declaratory ruling are actual cases DHHS decided in two separate administrative hearings. Petitioners are in fact asking DHHS to rule on two cases upon which it has already ruled. Respondents believed, and we agree, that this would be a waste of administrative resources, and is clearly unnecessary.

The nature of the error asserted by the party seeking judicial review of an agency decision dictates the proper standard of review. *Christenbury Surgery Ctr. v. N.C. Dep't of Health and Human Servs.*, 138 N.C. App. 309, 311-12, 531 S.E.2d 219, 221 (2000), *review improvidently allowed*, 353 N.C. 354 (April 6, 2001). If the party seeking review asserts the agency's decision was affected by a legal error,

*de novo* review is required. *Id.* at 312, 531 S.E.2d at 221. Petitioners contend DHHS erred as a matter of law when it refused to issue a declaratory ruling and that *de novo* review is the appropriate standard. Respondents likewise conceded at the trial court level that *de novo* review was appropriate. We hold *de novo* review is proper and accordingly proceed.

Here, DHHS believed the issuance of a declaratory ruling was undesirable, and its refusal is valid under the APA and DHHS regulations as long as good cause is shown. This Court has previously held:

> good cause exists for denial of a request for a declaratory ruling where the denial is based on the existence of a prior agency ruling which necessarily required an interpretation of the same statute which is the subject of the request for declaratory ruling. To hold otherwise would be to require an agency to twice decide the same case, between the same parties, by applying the same statute to the same facts.

*Catawba Mem'l Hosp. v. N.C. Dep't of Human Resources*, 112 N.C. App. 557, 563, 436 S.E.2d 390, 393 (1993). For these purposes, the statutes at issue in *Catawba* are the equivalent of the regulations at issue in this case. Thus, the fact DHHS had previously decided the actual cases from which petitioners drew their facts clearly constitutes good cause under *Catawba*. The refusal to issue a declaratory ruling was proper under the APA and DHHS regulations, and in accordance with our holding in *Catawba*. We therefore reject the assignment of error.

[2] Petitioners next contend DHHS's policy regarding aliens here on a temporary visa is in conflict with state and federal law. However, the issue was not assigned as error by petitioners. Accordingly, this argument is not properly before us. N.C.R. App. P. 10(a) (2000). Even if petitioners had assigned it as error, however, the merits of the policy regarding Medicaid coverage was never before the trial court and is not an issue for us to consider.

Petitioners also contend DHHS's policy, set out in the MAF and MABD Manuals, is invalid because it was not promulgated in accordance with the APA. However, petitioners likewise failed to assign the issue as error and we do not consider it. N.C.R. App. P. 10(a) (2000).

Accordingly, as to the issue properly before us, we affirm the trial court.

AFFIRMED.

Judges MARTIN and BIGGS concur.