DONALD R. BEASON, Petitioner
v.
NORTH CAROLINA DEPARTMENT OF THE SECRETARY OF STATE, Respondent

No. COA12-874

Filed 2 April 2013

**Administrative Law—mootness—final agency decision—fine reduced**

The trial court did not err by dismissing as moot a declaratory judgment action arising from an enhanced fine imposed on petitioner for lobbying activities where the final agency decision did not utilize aggravating or mitigating factors and reduced the amount of the fine.

Appeal by petitioner from order entered 27 March 2012 by Judge Paul C. Ridgeway in Wake County Superior Court. Heard in the Court of Appeals 8 January 2013.

*Bailey & Dixon, L.L.P., by Adam N. Olls, Michael L. Weisel, and Sabra J. Faires, and Allen, Pinnix & Nichols, P.A., by M. Jackson Nichols and Anna Baird Choi for petitioner-appellant.*

———————————

*Attorney General Roy Cooper, by Special Deputy Attorney General Daniel Snipes Johnson and Assistant Attorney General Brandon L. Truman, for respondent-appellee.*

HUNTER, Robert C., Judge.

Petitioner Donald R. Beason appeals an order dismissing his Petition for Judicial Review and for Writ of Mandamus or Mandatory Injunction. On appeal, petitioner argues that the trial court erred by: (1) dismissing his action as moot; (2) not conducting judicial review; and (3) not concluding that respondent's policy on "aggravating" and "mitigating factors is invalid. After careful review, we affirm the trial court's order.

## Background

### A. Case No. 11 CVS 3810

On 29 March 2010, the North Carolina Department of the Secretary of State ("respondent") issued a civil fine assessment against petitioner based on nine alleged violations of chapter 120C of the North Carolina General Statutes ("the lobbying laws"). Based on the presence of seven aggravating factors, respondent enhanced petitioner's fine by 50% for a total fine of $111,000 (plus a $500 lobbyist registration fee). Specifically, respondent noted the following aggravating factors: (1) willful and knowing violation of the law and rules; (2) more than five violations of the same law or rules; (3) duration of the violations; (4) the scope of the lobbying activities concealed; (5) the number of principals concealed; (6) petitioner assisted with or encouraged a filer to make a false or misleading statement; and (7) petitioner engaged in destroying or altering a record, report, or document.

On 15 April 2010, petitioner filed a Petition for a Contested Case Hearing in the Office of Administrative Hearings. On 22 November 2010, Administrative Law Judge Fred G. Morrison, Jr. issued his Decision ("ALJ Decision") upholding the penalty assessed against petitioner, in a modified amount of $6000. The ALJ Decision did not utilize any aggravating or mitigating factors in determining the amount of the assessment.

On 8 April 2011, respondent issued its Final Agency Decision. Respondent upheld the assessment against petitioner in a modified amount of $30,000. The Final Agency Decision adopted most findings of the ALJ Decision except it concluded petitioner lobbied for five principals without registering for, filing reports on behalf of, or disclosing that he was a lobbyist for those principals (the ALJ Decision only concluded

petitioner lobbied for one undisclosed principal). Similar to the ALJ Decision, the Final Agency Decision did not utilize any aggravating or mitigating factors in determining the amount of the assessment.

On 2 May 2011, petitioner filed an Amended Petition in Wake County Superior Court seeking judicial review of the Final Agency Decision. The trial court issued its Memorandum of Decision and Order in case no. 11 CVS 3810 on 6 January 2012 reversing and setting aside the civil fine assessment against petitioner. Specifically, the trial court concluded that petitioner was not a lobbyist because he did not directly communicate with any individual in an attempt to influence legislative or executive action on behalf of any principal. Respondent appealed the trial court's Decision and Order in *Donald R. Beason v. The N.C. Dep't of the Secr'y of State*, __ N.C. App. __, __ S.E.2d __ (No. COA 12-838) (April 2, 2013), filed contemporaneously with this opinion.

B. The Request for a Declaratory Ruling - Case no. 11 CVS 4581

On 10 January 2011, prior to respondent issuing its Final Agency Decision, petitioner filed a Request for a Declaratory Ruling ("Request") with respondent. Although petitioner stated 11 questions upon which he was seeking a declaratory ruling, the questions involved two basic issues: (1) whether the aggravating and mitigating factors applied by respondent are policies or procedures that require rulemaking pursuant to N.C. Gen. Stat. § 150B-2(8a); and (2) whether respondent had authority to adopt rules regarding aggravating and mitigating factors.

Respondent did not issue a ruling on petitioner's Request.[1]

On 23 March 2011, pursuant to N.C. Gen. Stat. § 150B-4 and § 150B-43, petitioner filed a Petition for Judicial Review ("Petition") of respondent's decision to deny petitioner's Request. The Petition, which is the subject of the current appeal, requested the trial court conclude that respondent did not have authority to impose civil fines using "aggravating" and "mitigating" factors pursuant to N.C. Gen. Stat. § 120C-602(b) and issue a writ of mandamus or mandatory injunction prohibiting respondent from enhancing civil fines with these factors.

On 27 March 2012, the trial court dismissed the Petition ("Order").

---

1. We note that, at the time petitioner requested a declaratory ruling, respondent was not required to issue a ruling if it determined with good cause that the issuance would be "undesirable." N.C. Gen. Stat. § 150B-4 (2010). However, this statute has been changed, pursuant to Session Law 2011-398, *see* 2011 N.C. Sess. Laws ch. 398, sec. 56, which became effective 25 July 2011, *see* N.C. Sess. Laws ch. 398, sec. 63, and an agency no longer has the option of not issuing a ruling simply because it may be "undesirable."

Specifically, the trial court concluded that "the questions originally in controversy between the parties in this action are no longer at issue and are moot."

Petitioner appealed the trial court's order dismissing his Petition on 25 April 2012.

## Arguments

Petitioner first argues that the trial court erred in dismissing the action as moot. Specifically, petitioner contends that because he remains subject to the regulatory oversight of respondent, there still exists a controversy between the parties, regardless of the outcome of the companion case.

Generally, our review of a trial court's order regarding an agency's treatment of a request for a declaratory ruling is the same as our review of any trial court's review of an administrative decision. *See Christenbury Surgery Ctr. v. N.C. Dep't of Health & Human Servs., Div. of Facility Serv.*, 138 N.C. App. 309, 311-12, 531 S.E.2d 219, 221, *writ of supersedeas denied*, 352 N.C. 587, 544 S.E.2d 564 (2000); *Hope-A Women's Cancer Ctr., P.A. v. N.C. Dep't of Health & Human Servs., Div. of Health Servs. Regulation*, 203 N.C. App. 276, 280, 691 S.E.2d 421, 424 (2010). Specifically, "[a]n appellate court's review of a superior court order regarding an administrative decision consists of examining the superior court order for errors of law; i.e. determining first whether the superior court utilized the appropriate scope of review and, second, whether it did so correctly." *Christenbury*, 138 N.C. App. at 311, 544 S.E.2d at 564 (internal citations omitted). The trial court's review depends on the nature of the error alleged by the petitioner: "If the party asserts the agency's decision was affected by a legal error, *de novo* review is required; if the party seeking review contends the agency decision was not supported by the evidence, or was arbitrary or capricious, the whole record test is applied." *Id.* at 312, 531 S.E.2d at 221.

Based on the version of N.C. Gen. Stat. § 150B-4(a) which was applicable at the time this action was filed (prior to 25 July 2011, the date the statute was amended by Session Law 2011-398 and became effective, *see* 2011 N.C. Sess. Laws ch. 398, secs. 56, 63 (2011)), respondent's failure to issue a ruling within 60 days constituted a denial on the merits of the request. However, in the present case, there was no judicial review of respondent's denial of petitioner's Request. Instead, the trial court dismissed the petition as moot without conducting any judicial review of respondent's denial. Thus, our review of the Order is limited to determining whether its legal conclusion that the case was moot was proper.

"A case is 'moot' when a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy." *Ass'n for Home & Hospice Care of N.C., Inc. v. Div. of Med. Assistance*, __ N.C. App. __, __, 715 S.E.2d 285, 287-88 (2011) (citations omitted). "Whenever during the course of litigation it develops that the relief sought has been granted or that the questions originally in controversy between the parties are no longer at issue, the case should be dismissed, for courts will not entertain an action merely to determine abstract propositions of law." *Simeon v. Hardin*, 339 N.C. 358, 370, 451 S.E.2d 858, 866 (1994). Here, the trial court's determination that petitioner's case was moot is a conclusion of law since it involves "a statement of the law arising on the specific facts of a case which determines the issues between the parties." *Wiseman Mortuary, Inc. v. Burrell*, 185 N.C. App. 693, 697, 649 S.E.2d 439, 442 (2007). "Conclusions of law are reviewed de novo and are subject to full review." *State v. Biber*, 365 N.C. 162, 168, 712 S.E.2d 874, 878 (2011). "Under a *de novo* review, the court considers the matter anew and freely substitutes its own judgment for that of the lower tribunal." *State v. Williams*, 362 N.C. 628, 632-33, 669 S.E.2d 290, 294 (2008) (internal quotation marks omitted).

Here, although respondent applied the aggravating factors to enhance the civil fine in its initial assessment on 29 March 2010, respondent did not enhance the fine in its Final Agency Decision using these factors. Thus, any alleged error regarding respondent's use of aggravating factors to enhance the fine was rendered moot when respondent decided to not apply those factors in its Final Agency Decision. Therefore, a legal determination of whether respondent had authority to enhance petitioner's fine using aggravating factors would have no practical effect on the controversy, and the issue presents only abstract and hypothetical propositions of law. Accordingly, we must conclude that the trial court properly concluded that the case was moot.

Petitioner contends that his case is not moot because the trial court never answered whether respondent's policy of applying aggravating factors meets the definition of a rule and because respondent's "practice" of applying factors is still alive, which respondent conceded at oral argument. However, once respondent stopped enhancing petitioner's fine with aggravating factors, the case became moot, and the trial court was not required to address petitioner's remaining questions. Moreover, we note that even though the practice of applying aggravating factors may still be "alive," it is not "alive" with regard to petitioner, which renders his case moot.

In support of his argument that the trial court erred in dismissing his case as moot, petitioner claims that "[i]t is well established that persons who are subject to regulation by an agency are affected by rules adopted by the agency concerning the regulated activity." In support of this contention, petitioner cites *In re Declaratory Ruling by the N.C. Comm'r of Ins. Regarding 11 N.C.A.C. 12.0319*, 134 N.C. App 22, 517 S.E.2d 134 (1999), and *N.C. Forestry Ass'n v. N.C. Dep't of Envtl. & Natural Res.*, 357 N.C. 640, 588 S.E.2d 880 (2003). While we note that it is true that individuals subject to regulation by an agency will be affected by rules adopted by that agency, there still must be some showing that the individual has been affected by some rule or decision by an administrative agency. In *Declaratory Ruling*, 134 N.C. App. at 24, 517 S.E.2d at 137, the petitioner was challenging an administrative rule prohibiting the use of subrogation clauses in life, accident, and health insurance forms. Similarly, in *N.C. Forestry Ass'n*, 357 N.C. at 643, 588 S.E.2d at 882, the administrative agency had denied the petitioner a general permit based on the agency's discretionary decision. In both of these cases, the petitioners could point to an actual administrative rule or decision of the agency that affected the petitioner. In contrast, here, respondent has not adopted an administrative rule regarding the application of aggravating factors to enhance a civil fine[2], and it is no longer applying those factors in determining the amount of petitioner's fine. Thus, petitioner is unable to show that he is currently being affected by any administrative rule or decision of respondent. Therefore, the cases cited by petitioner are inapposite and have no bearing on our conclusion that the trial court properly dismissed his case as moot.

We also note that even if we agreed with petitioner's contention that an individual's request for a declaratory ruling would not be moot if that individual is subject to regulation by an administrative agency, petitioner was not registered as a lobbyist when he initiated his Request. Petitioner retired in 2007 from lobbying and did not reregister until 31 October 2011. Therefore, when he filed his Request, he was no longer subject to regulation by respondent. Thus, petitioner's argument is without merit.

Next, petitioner argues that even if the Court determines that his case is moot, it is still reviewable because it involves a matter of public interest. In support of his argument, petitioner claims that the case: (1) presents a dispute between two state agencies; (2) presents an internal conflict of an agency; and (3) "presents a troubling failure of an agency

---

2. We note that, in 2007, respondent submitted proposed administrative rules on mitigating and aggravating factors. However, those rules were never adopted.

to comply with the requirements of the APA and to recognize the agency's statutory limitations." We disagree.

"Even .if moot, however, this Court may, if it chooses, consider a question that involves a matter of public interest, is of general importance, and deserves prompt resolution." *N.C. State Bar v. Randolph,* 325 N.C. 699, 701, 386 S.E.2d 185, 186 (1989). However, here, we do not find that the issues raised by petitioner are ones of such "general importance," *id.,* to justify the application of the public interest exception. Therefore, petitioner's argument is overruled.

Next, petitioner argues that the trial court erred in not conducting judicial review. Specifically, petitioner contends that his Petition is not moot because he is an "aggrieved person" under chapter 150B of the North Carolina General Statutes, the Administrative Procedure Act. We disagree.

Pursuant to N.C. Gen. Stat. § 150B-4(a) (2011),

> On request of a person aggrieved, an agency shall issue a declaratory ruling as to the validity of a rule or as to the applicability to a given state of facts of a statute administered by the agency or of a rule or order of the agency. Upon request, an agency shall also issue a declaratory ruling to resolve a conflict or inconsistency within the agency regarding an interpretation of the law or a rule adopted by the agency.

As discussed above, the issuance of respondent's Final Agency Decision where it did not apply aggravating factors to enhance petitioner's fine, the relief sought in the Petition, rendered moot the substance of petitioner's claims. Thus, the constitutional arguments, specifically petitioner's claim that respondent's act of applying aggravating factors was an *ultra vires* act, are hypothetical since those factors are no longer being applied against petitioner. Petitioner provides no support for his claim that the traditional mootness analysis does not apply to his Petition because he is an "aggrieved person" pursuant to N.C. Gen. Stat. § 150B-4(a). Moreover, we can find no reason why a petitioner's request for a declaratory ruling would not be subject to a review for mootness. While his status as an "aggrieved person" has a bearing on standing, *see Thompson v. N.C. Respiratory Care Bd.,* 202 N.C. App. 340, 343-44, 688 S.E.2d 516, 518 (2010) (noting that the petitioner must be an "aggrieved party," along with four other requirements, to have standing under N.C. Gen. Stat. § 150B-43), a case becomes moot "when events occur during the pendency of the appeal which cause the underlying controversy to

cease to exist." *Calabria v. N.C. State Bd. of Elections*, 198 N.C. App. 550, 557-58, 680 S.E.2d 738, 745 (2009). Therefore, we conclude that because there is no longer any controversy once respondent decided to not apply the aggravating factors to petitioner's fine, the trial court properly concluded the case was moot regardless of whether petitioner is a "person aggrieved" pursuant to N.C. Gen. Stat. § 150B-4. Thus, the trial court did not err in not conducting judicial review of petitioner's Request.

Moreover, we note that even if we concluded that petitioner's case is not moot, he is no longer a "person aggrieved" since respondent decided to not apply the aggravating factors to enhance his fine in its Final Agency Decision. "A 'person aggrieved' is any person or group of persons whose rights have been adversely affected." *Gen. Motors Corp. v. Carolina Truck & Body Co., Inc.*, 102 N.C. App. 349, 350, 402 S.E.2d 139, 139-40 (1991). Once respondent stopped enhancing petitioner's fine, petitioner's rights were no longer being adversely affected. Thus, petitioner's contention that he is an "aggrieved person" pursuant to N.C. Gen. Stat. §§ 150B-4 or 150B-43 is without merit.

Finally, petitioner requests this Court conclude that "respondent's policy on 'aggravating' and 'mitigating' factors is invalid." However, since we have concluded that the trial court properly dismissed the Petition as moot, we need not address this issue.

### Conclusion

Based on the foregoing reasons, we affirm the trial court's order dismissing petitioner's Petition for Judicial Review.

Affirmed.

Judges ELMORE and STEELMAN concur.