An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-801
NORTH CAROLINA COURT OF APPEALS

Filed: 20 May 2014

IN RE: PETITION OF JOSEPH JEMSEK,
JEMSEK M.D., LICENSE NO. 23386,

    Petitioner,

                                Wake County
                                No. 12-CVS-9321

BEFORE THE NORTH CAROLINA
MEDICAL BOARD


Appeal by petitioner from order entered 18 January 2013 by Judge Donald W. Stephens in Wake County Superior Court. Heard in the Court of Appeals 20 November 2013.

    *Law Office of Matthew I. Van Horn, by Matthew I. Van Horn, and Jacques G. Simon, pro hac vice, for petitioner-appellant.*

    *Elizabeth R. Suttles and Marcus Jimison for respondent-appellee.*


    DAVIS, Judge.


Dr. Joseph Jemsek ("Dr. Jemsek") appeals from the trial court's order dismissing his petition for judicial review of the order of the North Carolina Medical Board ("the Board") denying his request for a declaratory ruling regarding a 2006

disciplinary order against him. After careful review, we affirm.

## Factual Background

In June of 2006, the Board held a disciplinary hearing concerning Dr. Jemsek's treatment of ten patients who came to him exhibiting symptoms of fatigue, achiness, and decreased concentration. The Board determined that Dr. Jemsek diagnosed each of these ten patients with Lyme disease "in a manner that departed from acceptable and prevailing standards of medical practice, including making a diagnosis with scant or no supporting historical, physical, serological or other laboratory evidence supporting [the] diagnosis of Lyme disease." The Board also concluded that Dr. Jemsek's course of treatment — which consisted of administering oral or intravenous antibiotics to the patients over extended periods of time — departed from acceptable and prevailing standards of practice in that there was "an absence of any research or clinical evidence of efficacy" for such treatments. The Board further found that Dr. Jemsek had failed to adequately educate and inform his patients that his methods of diagnosing and treating Lyme disease deviated from recognized standards.

By order dated 21 August 2006, the Board concluded that these departures from acceptable and prevailing standards of practice amounted to unprofessional conduct and constituted grounds to suspend Dr. Jemsek's medical license for 12 months. In its order, however, the Board immediately stayed the suspension of Dr. Jemsek's license upon the following conditions:

    a. Dr. Jemsek shall develop an informed consent form approved by the North Carolina Board President.

    b. If a patient's diagnosis is not supported by current Center for Disease Control ("CDC") criteria, then the patient must have a consultation or second opinion by a North Carolina licensed infectious disease physician approved by the Board President before treatment.

    c. Any treatment of Lyme Disease either by oral or intravenous antibiotics for greater than two months total time must be included in a formal research protocol with institutional review board ("IRB") supervision approved by the Board President.

    d. Any complications of treatment must be addressed . . . immediately.

Dr. Jemsek did not appeal the 21 August 2006 order.

On 27 April 2012, Dr. Jemsek filed a petition with the Board seeking a declaratory ruling that its 21 August 2006 order

be declared "null and void." The petition asserted that the Board should issue such a ruling because the 21 August 2006 order (1) had expired on its own terms in 2007; (2) was moot based on the theory that the conditions set forth in the order had been fully complied with; (3) "was issued in excess of the disciplinary subject matter jurisdiction and authority of the Board conferred upon it by N.C. Gen. Stat. § 90-14(a)(6)"; (4) bypassed the rulemaking process of the North Carolina Administrative Procedure Act ("APA"); (5) used an erroneous standard of care; (6) deserved to be vacated based upon the recent scientific developments recognized in the medical community for diagnosing and treating Lyme disease; and (7) "impermissibly preclude[d] judicial appeal and review."

On 29 May 2012, the Board issued an order denying Dr. Jemsek's request for a declaratory ruling. On 28 June 2012, Dr. Jemsek filed a petition for judicial review of the Board's denial in Wake County Superior Court. The Board filed a motion to dismiss and a motion to strike his petition on 6 August 2012. On 9 January 2013, Dr. Jemsek's petition for judicial review was heard by the Honorable Donald W. Stephens. On 18 January 2013, the trial court entered an order (1) ruling "as a matter of law that the Medical Board did not commit error in denying the

request for a declaratory ruling"; and (2) dismissing the petition for judicial review with prejudice. Dr. Jemsek appealed to this Court.

## Analysis

"In reviewing a superior court order entered upon review of an administrative agency decision, this Court has a two-fold task: (1) determine whether the trial court exercised the appropriate scope of review . . . ; [and] (2) decide whether the court did so properly." *Cty. of Wake v. Dep't of Env't & Natural Res.*, 155 N.C. App. 225, 233-34, 573 S.E.2d 572, 579 (2002) (citation and quotation marks omitted), *disc. review denied*, 357 N.C. 62, 579 S.E.2d 386 (2003).

The agency decision before the trial court in the present case was the Board's denial of Dr. Jemsek's request for a declaratory ruling pursuant to N.C. Gen. Stat. § 150B-4. N.C. Gen. Stat. § 150B-4 provides, in pertinent part, that

> [o]n request of a person aggrieved, an agency shall issue a declaratory ruling as to the validity of a rule or as to the applicability to a given state of facts of a statute administered by the agency or of a rule or order of the agency. Upon request, an agency shall also issue a declaratory ruling to resolve a conflict or inconsistency within the agency regarding an interpretation of the law or a rule adopted by the agency. The agency shall prescribe in its rules the procedure for requesting a

declaratory ruling and the circumstances in which rulings shall or shall not be issued.

N.C. Gen. Stat. § 150B-4(a) (2013).

In 2007, the Board adopted the following rule regarding the disposition of requests for declaratory rulings and the circumstances under which such rulings shall — or shall not — be issued:

> (a) Upon receipt of a Request for Declaratory Ruling, the Board shall determine whether a ruling is appropriate under the facts stated.
>
> (b) When the Board determines that the issuance of a declaratory ruling is inappropriate, the Board shall notify, in writing, the person requesting the ruling, stating the reasons for the denial of the request.
>
> (c) The Board shall decline to issue a declaratory ruling where:
>
>> (1) *there has been a similar controlling factual determination made by the Board in a contested case*;
>>
>> (2) the rule-making record shows that the factual issues raised by the request were specifically considered prior to adoption of the rule; or
>>
>> (3) the subject-matter of the request is involved in pending litigation in any state or federal court in North Carolina;

> (4) the petitioner fails to show that the circumstances are so changed since the adoption of the statute or rule that a ruling is warranted.

21 N.C.A.C. 32A.0112 (2013) (emphasis added). In its denial of Dr. Jemsek's request for a declaratory ruling, the Board cited 21 N.C.A.C. 32A.0112(c)(1) — that "there has been a similar controlling factual determination made by the Board in a contested case" — as the basis for its decision.

An agency's denial of a request for a declaratory ruling is not a decision on the merits of the case. *See Equity Solutions of the Carolinas, Inc. v. N.C. Dep't of State Treasurer*, ___ N.C. App. ___, ___, 754 S.E.2d 243, 249 (2014) (explaining that when agency declines to issue declaratory ruling, "there has been no agency decision on the merits [of the] case"). Because the agency does not reach the merits of the request when it declines to issue a declaratory ruling, the merits of the party's petition for a declaratory ruling are not before the superior court and thus are not before this Court. *See id.* at ___, 754 S.E.2d at 249 ("offer[ing] no opinion on the merits of [petitioner's] request for a declaratory ruling [because] [t]hat issue was not before the trial court and is not before this Court").

Instead, our review is limited solely to the agency's decision to deny the request. Because Dr. Jemsek contends that the Board committed an error of law in denying his request for a declaratory ruling, we review the denial *de novo*. *Craven Reg'l Med. Auth. v. N.C. Dep't of Health & Human Servs.*, 176 N.C. App. 46, 51, 625 S.E.2d 837, 840 (2006) ("Where a party asserts an error of law occurred [in an administrative agency decision], we apply a *de novo* standard of review.").

In this case, we believe that the trial court correctly dismissed Dr. Jemsek's petition challenging the Board's refusal to issue a declaratory ruling. In 21 N.C.A.C. 32A.0112, the Board has made clear that it "*shall* decline to issue a declaratory ruling where . . . there has been a similar controlling factual determination made by the Board in a contested case." 21 N.C.A.C. 32A.0112(c)(1) (emphasis added). Here, the Board's 21 August 2006 order — entered after a two-day disciplinary hearing on Dr. Jemsek's diagnostic and treatment methods for Lyme disease — clearly constitutes a prior Board decision on a similar factual determination in a contested case. *See* N.C. Gen. Stat. § 150B-2(2) (2013) (defining contested case as "an administrative proceeding . . . to resolve a dispute between an agency and another person that involves the person's

rights, duties, or privileges, including licensing or the levy of a monetary penalty . . . .").

Thus, while Dr. Jemsek contends that his petition for a declaratory ruling presented issues that did not exist at the time of the initial hearing in 2006, he cannot dispute that there was, in fact, a prior determination by the Board concerning his approach to diagnosing and treating patients with putative diagnoses of Lyme disease. Indeed, the bulk of Dr. Jemsek's petition for a declaratory ruling centered around his request for a determination by the Board that its 21 August 2006 disciplinary order was improper. Specifically, Dr. Jemsek sought a ruling from the Board declaring that it had utilized the incorrect standard of care and improperly disciplined him for exercising his medical judgment, which, in his view, did not establish a departure from accepted practices.

As this Court has previously explained in a different context, an agency may properly deny a request for a declaratory ruling when the request is based upon a factual situation that the agency has already decided in a prior case. *See Charlotte-Mecklenburg Hosp. Auth. v. Bruton*, 145 N.C. App. 190, 192-93, 550 S.E.2d 524, 526-27 (2001) (holding that denial of request for declaratory ruling regarding Medicaid eligibility of legal

aliens was appropriate given that agency "had previously decided the actual cases from which petitioners drew their facts"), *disc. review denied*, 355 N.C. 210, 559 S.E.2d 798 (2002). We reasoned that "[t]o hold otherwise would be to require an agency to twice decide the same case, between the same parties, by applying the same statute to the same facts." *Id.* at 193, 550 S.E.2d at 526 (citation and quotation marks omitted).

In this case, Dr. Jemsek's petition for a declaratory ruling essentially sought to relitigate the Board's conclusion set out in its 21 August 2006 order that Dr. Jemsek's practices departed from acceptable and prevailing standards regarding the diagnosis and treatment of Lyme disease and requested that the Board rescind its 2006 order. The trial court's order dismissing Dr. Jemsek's petition for judicial review specifically ruled that "[t]he matters requested for such ruling have been previously adjudicated by the Board in a final decision by the Medical Board which was not appealed" and that "[t]he current request by Petitioner is no more than an attempt to untimely appeal the Medical Board's 2006 disciplinary order."

We agree. The Board's denial of the request for a declaratory ruling conformed with 21 N.C.A.C. 32A.0112(c)(1) and was in no way inconsistent with N.C. Gen. Stat. § 150B-4.

Therefore, we hold that the trial court did not err in dismissing Dr. Jemsek's petition.

## Conclusion

For the reasons stated above, we affirm the trial court's order.

AFFIRMED.

Judges ELMORE and McCULLOUGH concur.

Report per Rule 30(e).